STEWART, J.
hln accordance with a plea agreement, the defendant, Anthony De’Von Bass, pled guilty to manslaughter, in violation of La. R.S. 14:31(A)(1). He was subsequently sentenced to 17⅜ years at hard labor, with credit for time served. The defendant now appeals. For the reasons set forth in this opinion, we affirm the defendant’s conviction and sentence.
FACTS AND PROCEDURAL HISTORY
On February 22, 2013, the defendant was charged by bill of indictment with second degree murder and conspiracy to commit second degree murder.[1] On January 9, 2014, in accordance with a plea agreement, he pled guilty to the reduced charge of manslaughter. The state agreed to dismiss the charge of conspiracy to commit second degree murder. There was no agreement regarding sentencing, and the district court ordered a presentence investigation report.
The following facts were adduced at the defendant’s guilty plea hearing. On February 3, 2013, after the Super Bowl, the defendant, along with his nephew, Mar-quarius York, and the victim, Clinton Pratt, went to play dice at a friend’s house in Monroe, Louisiana. After the dice game, the three men left in the defendant’s car, with the victim in the front passenger seat and York in the back seat. According to the state, the defendant believed that the victim had cheated him at the dice game, and something happened, causing the defendant to pull out a gun and shoot him several times. The defendant and York then disposed of the victim’s body by dumping him out on • Rifle Range Road outside of Monroe. The defendant’s ^abandoned car was later found in Rich-land Parish, with the victim’s blood on the seat, and the seat and back window shot.
At the hearing, the defendant' stated that he wanted to explain why he pulled his gun out. He stated that before the dice game, the victim asked to borrow $2,500.00 from him and stated that he would return it after the game. The defendant agreed, as he had known the victim for a long time. After the game, the *833 defendant asked the victim for his money-back, and the victim said “you jacked,” indicating that he was not going to give the money back to him. The victim then produced a .22 caliber handgun and placed it on his lap. The defendant stated that he was scared, and in the heat of the moment, he pulled out his gun and fired it at the victim.
The defendant’s sentencing hearing took place on April 24, 2014, and the district court sentenced the defendant to 17½ years at hard labor, with credit for time served. A motion to reconsider the defendant’s sentence was not filed. On July 15, 2014, counsel for the defendant filed a motion for an out-of-time appeal, which the district court granted. This appeal followed.
LAW AND DISCUSSION
In this sole assignment of error, the defendant argues that the district court erred by imposing an excessive sentence. Considering the nature of this case, the defendant contends that his sentence of 17½ years at hard labor is excessive, as he is a first-time felony offender. He asserts that the district court should have given more weight to the mitigating factors, noting his willingness to plead guilty and accept responsibility for his actions, sparing the victim’s family the pain of a trial. Additionally, the |sdefendant contends that his sentence will cause an undue hardship on him, his wife, and his four children. Also, the defendant asserts that at the time of the incident, he felt threatened and intimidated by the victim, who had produced a gun and placed it in his lap. The defendant further asserts that the record fails to support his sentence, and that the goals of punishment and rehabilitation can best be accomplished with a less severe sentence.
The state argues that the defendant’s sentence is not excessive and that the district court actually showed a considerable amount of leniency in sentencing him to less than half of the statutory maximum sentence for manslaughter. It further argues that the district court carefully considered the aggravating and mitigating factors in sentencing the defendant. Even though the defendant is a first-felony offender, the state argues that the sentence imposed is warranted because he shot the victim eight times, he admitted that the victim did not point a gun at him, and instead of notifying the police, he dumped the victim’s body in an isolated location.
Here, the defendant did not file a motion to reconsider sentence. Under La. C. Cr. P. art. 881.1, the failure to make a motion for reconsideration of sentence within 30 days following the imposition of the sentence or within such longer period as the district court may set, precludes a defendant from raising an objection to the sentence on appeal.
Ordinarily, appellate review of sentences for excessiveness is a two-step process, the first being an analysis of the trial court’s compliance with the sentencing guidelines of La. C. Cr. P. art. 894.1. However, when a defendant fails to file a motion to reconsider sentence in the lower court, appellate review is limited to the second step, an analysis of the sentence for constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Williams, 45,755 (La.App.2d Cir.11/3/10), 54 So.3d 1129, writs denied, 2010-2682, 2010-2706 (La.4/25/11), 62 So.3d 85, 89. Under that standard, we must determine whether the sentence is illegal, grossly disproportionate to the severity of the offense so as to be shocking to the sense of justice, or nothing, more than a needless infliction of pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992); State v. Livingston, 39,390 (La.App.2d Cir.4/6/05), 899 So.2d 733.
*834 A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals. State v. Guzman, 99-1753 (La.5/16/00), 769 So.2d 1158. Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. State v. Flores, 27,736 (La.App.2d Cir.2/28/96), 669 So.2d 646.
A trial court has broad discretion to sentence within the statutory limits. State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641; State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). On review, an appellate court does not determine whether another sentence may | shave been more appropriate, but whether the trial court abused its discretion. Id. Absent a showing of manifest abuse of that discretion, the appellate court may not set aside a sentence as excessive. State v. Guzman, supra.
Manslaughter is punishable by imprisonment at hard labor for not more than 40 years. La. R.S. 14:31(B).
Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Germany, 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792; State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430.
The district court did not abuse its discretion by sentencing the defendant to 17½ years at hard labor. Even though the defendant was only entitled to review of his sentence for bare excessiveness, and not for compliance with La. C. Cr. P. art. 894.1, the record reflects that the district court complied with that article.
The district court reviewed the presen-tence investigation report and the written statements from the victim’s family and the defendant. It noted that it believed that the defendant had accepted responsibility for this heinous crime. After reviewing the facts of this ease, it stated that the facts would only support a conviction for manslaughter, not murder, because the defendant acted in sudden passion or heat of blood.
| ^Mitigating factors considered by the district court included the defendant’s lack of criminal history, other than a misdemeanor conviction for criminal mischief several years ago. The defendant, who was 22 years old at the time of this offense, only has a ninth grade education. He has a wife and four young children, and was employed at Faith & Hope Home Sitting Service at the time of this offense. Also, the court noted that he acted under strong provocation and that the victim induced or facilitated his criminal conduct. The court noted that the victim pulled out a gun and put it on his lap, challenging the defendant when he asked the victim for his money. The court stated that although the facts do not rise to the level of establishing that the defendant acted in self-defense, they do provide significant mitigating circumstances.
Aggravating factors considered by the district court included the facts surrounding the instant offense, such as the defendant’s use of a dangerous weapon and the *835 victim’s death. The defendant shot and killed the victim over $2,500.00. When the victim refused to return the money he had borrowed and challenged 'the defendant by placing a gun on his lap, the defendant shot the victim multiple times and then dumped his body in an isolated location.
The trial court adequately considered all of the aggravating and mitigating factors when tailoring the defendant’s 17½ year sentence. The defendant significantly benefited from the plea agreement and reduced sentence exposure as he was initially charged with second degree murder, in violation of La. R.S. 14:30.1, which carries a mandatory sentence of life in |7prison. After a careful review of the record, we find that the defendant’s below midrange sentence does not shock the sense of justice, nor is it grossly disproportionate to the severity of the offense. Accordingly, the defendant’s sentence is not constitutionally excessive. This assignment of error is without merit.
CONCLUSION
For the foregoing reasons, affirm the defendant’s conviction and sentence.
AFFIRMED.

. Marquarius York was also charged in the same bill of indictment. However, the charges against him were subsequently dismissed.