CARAWAY, J.
11Scott Philip Hebert pled guilty to'five counts of indecent behavior with a juvenile, in violation of La. R.S. 14:81(A)(2). He was sentenced to two years’ imprisonment at hard labor on each count, to be served consecutively. Hebert has appealed, arguing that his sentences are excessive. We affirm his convictions and sentences.

Facts

A report from the Louisiana State Police Special Victims Unit (SVU) indicated that Louisiana State Police received information from the Miller County Arkansas Sheriffs Office related to a child exploitation investigation on March 19, 2014. Three female juvenile victims had communicated with a suspect identified as Scott Philip Hebert of Winnfield, Louisiana. Hebert had discussed sexual topics with the victims and coerced one to send him a pornographic image of herself.
Other Arkansas deputies also contacted Hebert, posing as female juveniles, and those conversations quickly became sexual in nature.
On March 21, 2014, Miller County deputies obtained arrest warrants for Hebert. The law enforcement agencies agreed that Sgt. Amanda Fournier of the SVU would contact Hebert in an undercover capacity to obtain additional information. Louisiana State Police would work on coordinating a search of Hebert’s residence and arresting him on the Arkansas warrants.
On March 23, 2014, Sgt. Fournier, posing as a 14-year-old girl, contacted Hebert, allegedly by mistake. Hebert continued the conversation, ^ultimately asking questions of a sexual nature and indicating that he wished to engage in sexual intercourse with Sgt. Fournier. In this conversation, Hebert sent four photographs of his penis to Sgt. Fournier. The conversation continued on March 24 and 25, 2014. Hebert continued to make sexual comments and advances, and on March 25 sent an additional photograph of his penis to Sgt. Fournier. Arrest and search warrants were obtained and Hebert was arrested on March 25, 2014. He was charged with five counts of indecent behavior with a juvenile.
On December 15, 2014, Hebert entered a guilty plea to all five counts of indecent behavior with a juvenilé. Prior to his plea, Hebert was sworn in and informed of the maximum sentence of seven years’ imprisonment for each of the five charged counts. Defense counsel informed the court that “we intend to appeal the sentence in this matter,” pursuant to State v. Crosby, 338 So.2d 584 (La.1976). The court noted that the plea bargain was made with the “understanding that you will have the right to appeal the sentence.” However, the court informed Hebert that in the event of a guilty plea to the five counts of indecent behavior, “I will give you consecutive two-year sentences,” with credit for time served.
, Hebert confirmed that he understood the Court’s intent to sentence him to. a total sentence of 10 years’ imprisonment. Hebert reiterated his understanding of the plea agreement,, and that he would receive “Two years for every, — for • the five counts,” “to run, uh, consecutive, I understand that.” After being advised of his rights, Hebert pled guilty indicating'that he had not been made any . promises, and had discussed the plea with his counsel. *798 |3Sgt. Fournier’s report, detailed above, was entered into evidence as State’s Exhibit No. 1, and formed the factual basis for the plea.
Delays were waived and Hebert was sentenced pursuant to the plea agreement. After no motion to reconsider sentence was filed, this timely appeal followed.

Discussion

On appeal, Hebert solely argues that the five consecutive sentences of two years’ imprisonment at hard labor, without the ability to earn good time credit, constitutes an excessive sentence.[1] He also asserts that the court was required to provide the factors considered and the reasons for assigning consecutive sentences and did not do so.[2] Hebert notes that no presentence investigation was ordered prior to sentencing and that there is no evidence that any aggravating or mitigating factors were considered by the court.[3] Ultimately, he argues that the imposed sentences are disproportionate to the acts involved.
Ordinarily, appellate review of sentences for excessiveness is a two-step process, the first being an analysis of the trial court’s compliance with |4the sentencing guidelines of La.C.Cr.P. art. 894.1. However, when a defendant fails to file a motion to reconsider sentence in the lower court, appellate review is limited to the second step, an analysis of the sentence for constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Williams, 45,755 (La.App.2d Cir.11/3/10), 54 So.3d 1129, writs denied, 10-2684 (La.4/25/11), 62 So.3d 85, 10-2706 (La.4/25/11), 62 So.3d 89; State v. Bass, 49,804 (La.App.2d Cir.7/8/15), 169 So.3d 831.
Because Hebert failed to file a motion to reconsider sentence, he is relegated to review of his sentence for constitutional excessiveness alone.[4] Under that standard, we must determine whether the sentence is illegal, grossly disproportionate to the severity of the offense so as to be shocking to the sense of justice, or nothing more than a needless infliction of pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992); State v. Livingston, 39,390 (La.App.2d Cir.4/6/05), 899 So.2d 733. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a *799 purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379.
UThe trial court is given wide discretion in the imposition of sentences within the statutory limits. Such a sentence will not be set aside as excessive absent a manifest abuse of that discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330; State v. Diaz, 46,750 (La.App.2d Cir.12/14/11), 81 So.3d 228.
A substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing. State v. Mendenhall, 48,028 (La.App.2d Cir.5/15/13), 115 So.3d 727; State v. Ross, 35,552 (La.App.2d Cir.2/27/02), 811 So.2d 176.
When two or more convictions arise from the same act or transaction, or constitute parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. La.C.Cr.P. art. 883. Concurrent sentences arising out of a single course of conduct are not mandatory. State v. Mitchell, 49,873 (La.App.2d Cir.6/24/15), 169 So.3d 749; State v. Derry, 516 So.2d 1284 (La.App. 2d Cir.1987), writ denied, 521 So.2d 1168 (La.1988), and consecutive sentences under those circumstances are not necessarily excessive. State v. Hampton, 38,017 (La.App.2d Cir.1/28/04), 865 So.2d 284, writs denied, 04-0834 (La.3/11/05), 896 So.2d 57,04-2380 (La.6/3/05), 903 So.2d 452; State v. Williams, 445 So.2d 1171 (La.1984). It is within the court’s discretion to make sentences consecutive rather than concurrent. State v. Johnson, 42,323 (La.App.2d Cir.08/15/07), 962 So.2d 1126.
hThe existence of a plea agreement that includes an agreed-upon sentence is a factor to be considered in determining whether the imposition of the consecutive sentences renders the sentence excessive. State v. Jett, 419 So.2d 844 (La.1982). Likewise, whether the defendant constitutes an unusual risk of danger to the public is another factor to be considered. State v. Jarrett, 37,928 (La.App.2d Cir.12/10/03), 862 So.2d 440.
For his crimes of conviction under La. R.S. 14:81(H)(1), Hebert faced potential sentencing exposure of seven years on each count with or without hard labor, for a total sentence of 35 years’ imprisonment.[5] As such, the sentences imposed were well within the sentencing range provided by statute.
Regarding the consecutive nature of the sentences, the record reflects that Hebert sent numerous sexually explicit photographs and messages to a party he believed to be a 14-year-old girl. Hebert’s history shows -his active involvement in similar acts with minors and other undercover officers in another jurisdiction. These circumstances evidence Hebert’s propensity toward such acts and indicate that he would likely commit additional acts if released, posing a danger to the public. Ultimately, Hebert’s plea bargain substantially reduced his sentencing exposure. Thus, despite his inability to earn good time and the consecutive nature of the *800 sentences, considering the facts • and circumstances of this case, .we find no abuse of discretion in the trial court’s choice of sentences. The sentences fail to shock the sense of Injustice and are adequately tailored to this defendant. This assignment is without merit.

Decree

For the foregoing reasons, Hebert’s convictions and sentences are affirmed.
AFFIRMED.

. Where a specific sentence or a sentencing cap has been agreed upon as a consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive if that right has not been specifically reserved. State v. Lewis, 49,138 (La.App.2d Cir.6/25/14), 144 So.3d 1174; State v. Smith, 47,800 (La.App.2d Cir.2/27/13), 110 So.3d 628; State v. Fizer, 43,271 (La.App.2d Cir.6/4/08), 986 So.2d 243; State v. Foster, 42,212 (La.App.2d Cir.8/15/07), 962 So.2d 1214. Because Hebert specifically reserved his right to appeal his sentences, he is entitled to appellate review of the sentences. Id.

. Even so, the failure of the court to articulate specific reasons for consecutive sentences does not require remand if the record provides an adequate factual basis to support consecutive sentences. State v. Robinson, 49,-677 (La.App.2d Cir.4/15/15), 163 So.3d 829; State v. Boudreaux, 41,660 (La.App.2d Cir. 12/13/06), 945 So.2d 898, writ denied, 07-0058 (La.11/02/07), 966 So.2d 591.

. When a sentence has been agreed to as a consequence of a plea bargain and the sentence is imposed as agreed, there is no need for the trial court to give reasons for the sentence as required by La.C.Cr.P. art. 894.1. State v. Jones, 48,774 (La.App.2d Cir.1/15/14), 130 So.3d 1033; Fizer, supra.

. This failure precludes from review his claims regarding the court’s failure to provide the factors considered and reasons for assigning consecutive sentences, failure to order a pre-sentence investigation report and to state its consideration of any aggravating or mitigating factors.

. La. R.S. 15:537 prohibits the application of diminution of sentence for good behavior to a person convicted of indecent behavior with a juvenile.