GARRETT, J.,
The defendant, Keddrick Kennon, was convicted of one count of distribution of *614 cocaine and one count of possession of cocaine. On appeal, his convictions were affirmed and his sentences were affirmed as amended. He subsequently pled guilty to being a second felony offender; the trial court vacated his previous sentences and imposed an agreed upon sentence of 60 years at hard labor. Because he was not sentenced on both convictions, the defendant filed a writ application which we granted, vacating the sentence and remanding for resentencing. On remand, the trial court sentenced the defendant to 60 years at hard labor for the habitual offender adjudication based upon the cocaine distribution conviction and five years at hard labor for the cocaine possession conviction. The sentences were imposed concurrently. The defendant now appeals his 60-year sentence at hard labor as excessive. We affirm the defendant's adjudication as a second felony offender and the sentences imposed upon him.
FACTS
The facts pertaining to the defendant's convictions were set forth in detail in State v. Kennon , 50,511 (La. App. 2 Cir. 4/13/16), 194 So.3d 661, writ denied , 16-0947 (La. 5/19/17), 220 So.3d 747. To briefly summarize, an inmate serving as a trustee for the Minden Police Department agreed to work as a confidential informant ("CI") in controlled drug purchases in January and February 2014. As the result of several transactions with the CI, the defendant was charged by bill of information with three counts of distribution of a Schedule II controlled dangerous substance ("CDS"), cocaine, in violation of La. R.S. 40:967(A)(1), and one count of distribution of an imitation CDS, in violation of La. R.S. 40:971.1. Following a jury trial, the defendant was acquitted on one count of cocaine distribution and the imitation CDS distribution charge. He was convicted of one count of cocaine distribution, as well as one count of possession of cocaine as a responsive verdict to the third charge of cocaine distribution. He was sentenced to 30 years at hard labor on the distribution conviction and five years at hard labor on the possession conviction, to run consecutively. This court affirmed his convictions, amended his distribution sentence to be served without benefit of parole, probation or suspension of sentence for the first two years, and, as amended, affirmed his sentences.
On June 3, 2016, the state charged the defendant as a fourth felony offender.[1] On August 1, 2016, pursuant to a plea agreement, the defendant pled guilty to being a second felony offender, his previous sentences were vacated, and he was resentenced to 60 years at hard labor.[2] The trial court informed him that he had 30 days to appeal his sentence.
On March 1, 2018, the defendant filed a motion to correct illegal sentence claiming that the trial court failed to (1) specify the class of multiple offender (second, third or fourth) he was adjudicated, and (2) impose determinate sentences for the two convictions. The trial court denied the motion, and the defendant made a writ application to this court. We denied the writ as to the classification, finding that the record indicated that the defendant pled guilty to being a second felony offender. However, we granted the writ as to the determinate *615 sentences issue because the defendant received only one sentence, the agreed upon 60-year sentence, despite the trial court vacating both of his previously imposed sentences. We set aside the 60-year sentence and remanded the case to the trial court for resentencing. State v. Kennon , 52,343 (La. App. 2 Cir. 7/20/18).
The resentencing hearing was held on September 10, 2018. Initially, the defendant represented himself and questioned whether the "new law comes into effect" regarding his "multi-bill." The trial court informed him that he would be able "to seek relief based upon whatever the law is there." The trial court then appointed the public defender to represent the defendant at the hearing and temporarily passed the case. After consulting with the defendant, the public defender argued that the defendant should be "subject to retroactivity of the new habitual law under Esteen v. State . "[3] The trial court held that, under the habitual offender bill of information, it would sentence the defendant on the cocaine distribution conviction according to the "agreed upon time of sixty years at hard labor." As to the cocaine possession conviction, the trial court sentenced him to five years at hard labor, to be served concurrently and with credit for time served. The trial court also informed the defendant that he had 30 days to appeal "this sentence."
On October 16, 2018, the defendant filed a pro se motion for appeal, which the trial court granted. It also appointed the Louisiana Appellate Project ("LAP") to represent the defendant.
ARGUMENTS
In the brief filed on his behalf by LAP, the defendant acknowledges that, as a rule, an agreed upon sentence cannot be appealed, pursuant to La. C. Cr. P. art. 881.2, and that the law in effect at the time of the commission of the offense determines the penalty under the habitual offender law, La. R.S. 15:529.1. Furthermore, the defendant admits that the sentencing range for a second felony offender would have been 15 to 60 years at hard labor at both the time of the offense in 2014 and his adjudication as a second felony offender in 2016. In both 2014 and 2016, had he been adjudicated a fourth felony offender, the penalty would have been life imprisonment without parole, probation or suspension of sentence. The defendant further states that, if he had been convicted of the same crime with the same criminal history, he would have been facing a sentencing range of 20 years to life imprisonment in 2018. Nonetheless, the defendant points out recent amendments which significantly reduced the sentencing exposure under La. R.S. 40:967 and La. R.S. 15:529.1. He requests that his 60-year sentence be reviewed for constitutional excessiveness pursuant to State v. Dorthey , 623 So.2d 1276 (La. 1993). The defendant argues that this sentence is excessive because it is grossly out of proportion to the severity of the crime and is not representative of the strides the State of Louisiana has made to reform sentencing. He asserts that, although he agreed to a sentence of 60 years, in light of the changes to the law in the two years since his initial agreement, as well as the fact that he was being resentenced, the trial *616 court should have considered whether his sentence was constitutionally excessive.
The defendant also filed a pro se brief, which primarily copies the LAP brief. Additionally, the defendant cites portions of the 2017 version of La. R.S. 15:529.1 and makes arguments regarding the possible sentencing ranges in effect at the time of his 2018 resentencing hearing. He erroneously asserts that, as a fourth felony offender in 2018, he would have faced only a maximum of 20 years.
The state contends that, pursuant to La. C. Cr. P. art. 881.2, the defendant is precluded from appealing or seeking review of the sentence because it was imposed in conformity with a plea agreement. It also observes that the defendant received a considerable benefit from the plea agreement.
LAW
A defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La. C. Cr. P. art. 881.2(A)(2). Where a specific sentence or sentencing cap has been agreed upon as a consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive if that right has not been specifically reserved. State v. Taylor , 44,205 (La. App. 2 Cir. 5/13/09), 12 So.3d 482.
However, when the right to appeal has been mentioned by the district court during the plea colloquy, even though there is an agreed sentence or sentence cap, the defendant's sentence may be reviewed. State v. Thomas , 51,364 (La. App. 2 Cir. 5/17/17), 223 So.3d 125, writ denied , 17-1049 (La. 3/9/18), 238 So.3d 450 ; State v. Fizer , 43,271 (La. App. 2 Cir. 6/4/08), 986 So.2d 243. Further, when the trial court fails to specifically advise the defendant that he has the right to appeal his sentence or that he was waiving that right, the sentence may be reviewed on appeal. State v. Brown , 50,138 (La. App. 2 Cir. 9/30/15), 181 So.3d 170.
After resentencing, it is appropriate for this court to review the entirety of the record, including the transcripts of both the original sentencing hearing and the resentencing hearing, to determine whether an adequate factual basis for the trial court's sentence exists and whether the trial court abused its discretion in sentencing. State v. Darnell , 51,499 (La. App. 2 Cir. 8/9/17), 243 So.3d 1162, writ denied , 17-1526 (La. 5/25/18), 242 So.3d 1231 ; State v. Billingsley , 2013-11 (La. App. 3 Cir. 10/9/13), 123 So.3d 336.
Ordinarily, appellate review of sentences for excessiveness is a two-step process, the first being an analysis of the trial court's compliance with the sentencing guidelines of La. C. Cr. P. art. 894.1. State v. Bass , 49,804 (La. App. 2 Cir. 7/8/15), 169 So.3d 831. Nevertheless, when a specific sentence has been agreed upon, there is no need for the trial judge to give reasons for the sentence, as normally required by La. C. Cr. P. art. 894.1. State v. Fizer , supra . Further, when a defendant fails to file a motion to reconsider sentence in the lower court, appellate review is limited to an analysis of the sentence for constitutional excessiveness. State v. Mims , 619 So.2d 1059 (La. 1993) ; State v. Bass , supra .
Under that standard, the reviewing court determines whether a sentence violates La. Const. art. I, § 20, and is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey , supra ; State v. Darnell , supra. A sentence is considered grossly disproportionate if, when *617 the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver , 01-0467 (La. 1/15/02), 805 So. 2d 166 ; State v. Darnell , supra . A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, a sentence will not be set aside as excessive. State v. Darnell , supra .
On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Absent a showing of manifest abuse of that discretion, the appellate court may not set aside a sentence as excessive. State v. Bass , supra .
A defendant is not convicted of being a habitual offender but is adjudicated a habitual offender as a result of prior felony convictions. The sentence to be imposed following a habitual offender adjudication is simply an enhanced penalty for the underlying conviction. State v. Parker , 03-0924 (La. 4/14/04), 871 So.2d 317. Thus, the punishment to be imposed on a habitual offender is that provided by La. R.S. 15:529.1 as it exists on the date a defendant commits the underlying offense. State v. Parker , supra . The use of a subsequent amendment to a sentence is an improper metric to find a sentence excessive. State v. Floyd , 52,183 (La. App. 2 Cir. 8/15/18), 254 So.3d 38.
In State v. Dorthey , supra , and State v. Johnson , 97-1906 (La. 3/4/98), 709 So.2d 672, the Louisiana Supreme Court addressed the issue of mandatory minimum sentences in the context of the habitual offender law.[4] In State v. Dorthey , supra , the supreme court held that a trial court must reduce a defendant's sentence to one not constitutionally excessive if the trial court finds that the sentence mandated by the habitual offender law makes no "measurable contribution to acceptable goals of punishment," or is nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime."
State v. Dorthey , supra , did not restrict the sentence review principles espoused in that decision solely to the mandatory minimum penalties provided by La. R.S. 15:529.1. State v. Fobbs , 99-1024 (La. 9/24/99), 744 So.2d 1274.
DISCUSSION
The first issue we must address is whether the defendant's agreed upon 60-year sentence can properly be appealed as excessive. During the plea colloquy in the habitual offender proceeding, the trial court informed the defendant that he was waiving his right to appeal his conviction, but failed to mention the waiver of his right to appeal the sentence. Further, the trial court subsequently informed him, both at his original habitual offender sentencing and on resentencing, that he had 30 days to appeal the sentence. In these circumstances, this Court has allowed the sentence to be reviewed because the issue of whether the advisement of the right to appeal had any effect on the voluntariness of the plea might arise. State v. Brown , supra ; State v. Thomas , supra .
*618 The defendant argues that there is little in the record to rely on in determining whether the sentence is excessive. Since the 60-year term was an agreed upon sentence, the trial court was not obliged to provide reasons for imposition of sentence. However, we have the benefit of the trial court's initial sentencing of the defendant prior to the filing of the habitual offender bill. Additionally, the trial court ordered a presentence investigation report which was reviewed and is in the record before us. The trial court noted several mitigating factors in his social history (the defendant raised his two siblings while his mother worked to support their family; he was married and had a total of six children, some of whom he financially supported). However, it also found that the defendant's criminal history was "quite extensive," his parole had been revoked twice, and he had failed to take advantage of the many resources expended to give him a second chance. The trial court further observed that the defendant, who was born in 1973, had above average intelligence and had the ability to do things other than sell drugs. The trial court specifically considered that the defendant was not a victim of drugs or held captive to an addiction, but was a supplier, distributor, and the cause of problems for drug victims.
At the time of his distribution of cocaine offense in 2014, as a second felony offender, the defendant faced sentencing exposure of not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction of distribution of cocaine, or a range of 15 to 60 years.[5] Thus, his agreed upon 60-year sentence was the maximum allowed by law. However, as a fourth felony offender, with two of his previous drug convictions and the underlying distribution of cocaine conviction being punishable by more than 10 years, the defendant would have been subject to mandatory life imprisonment.[6] Accordingly, he received a substantial reduction in his sentencing exposure as the result of the plea agreement.
The basis of the defendant's argument, however, is that this court should consider the 2017 amendments to both the distribution of cocaine sentences and the habitual offender law which were in effect at the time of his resentencing and reflected the legislature's acknowledgement that the prior sentencing provisions resulted in excessive sentences for habitual offenders.
We recognize the recent changes in the drug and habitual offender laws. However, the jurisprudence does not afford the defendant the benefit of the leniency of the 2017 amendments because his underlying offense occurred before it took effect. State v. Parker , supra . Further, the legislature specified that the 2017 amendments would have "prospective application only to offenders whose convictions became final on or after November 1, 2017."[7] A 2018 *619 amendment further clarified that courts "shall apply the provisions of this Section that were in effect on the date that the defendant's instant offense was committed." La. R.S. 15:529.1(K)(1). Thus, the legislature "clearly stated its intent to diminish the penalties for certain habitual offenders, but equally clearly stated its intent not to reopen or relitigate cases that arose before the effective date." State v. Floyd , supra . The defendant's attempt to utilize the 2017 amendments "as a convenient metric to find his sentence excessive," has recently been rejected by this Court. State v. Floyd , supra .
Otherwise, the defendant is required to show that, under the law in effect at the time of his underlying offense, the imposed sentence makes no "measurable contribution to acceptable goals of punishment," or is nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime." State v. Dorthey , supra .[8]
In addition to the underlying distribution of cocaine conviction, the defendant's criminal record includes a 1993 distribution of cocaine conviction for which his parole was revoked. Further, the record shows that in 2003, he was charged with possession of cocaine with intent to distribute, second or subsequent offense, but pled guilty to attempted possession of cocaine with intent to distribute in October 2004. His parole was also revoked on this offense. The defendant's record includes a 1995 possession of cocaine conviction, as well as the one arising out of the defendant's 2014 transactions. The defendant's drug activity has spanned a 20-year period and is sufficient to validate his status as a drug dealer. The sentencing reduction he received as the benefit of his agreement to plead as a second felony offender cannot be minimized, as he faced a mandatory life sentence for his offenses under the 2014 habitual offender law. When viewed in the light of the harm done to society, the sentence the defendant agreed to, while the maximum allowed for a second felony offender, cannot be said to shock the sense of justice. The defendant has obviously failed to benefit from prior leniency afforded him in sentencing and has not been successfully rehabilitated despite the many opportunities given to him. As noted by the trial court, the defendant's drug activity has continued to pose a dangerous threat to the community. For these reasons, the agreed upon 60-year sentence has been shown to be meaningfully tailored to the culpability of this defendant and, accordingly, we affirm it.
ERROR PATENT
Our review reveals two errors patent. First, pursuant to La. R.S. 15:529.1(G), the trial court should have imposed the 60-year sentence without benefit of probation or suspension of sentence. Second, the applicable version of the underlying offense statute, La. R.S. 40:967 (B)(4)(b), requires that the first two years of the sentence be served without benefit of parole, probation, or suspension of sentence. Regarding the imposition of a parole restriction, the conditions imposed on the statute of the underlying offense are those called for in the sentencing as a habitual offender. Thus, the 60-year sentence should have restricted parole for two years. However, neither *620 error requires corrective action because the "without benefits" provisions of the statutes are self-activating under La. R.S. 15:301.1. State v. Casaday , 51,947 (La. App. 2 Cir. 4/11/18), 247 So.3d 1057, writ denied , 18-0700 (La. 11/5/18), 255 So.3d 1047 ; State v. Garner , 46,723 (La. App. 2 Cir. 11/2/11), 78 So.3d 186.
CONCLUSION
The defendant's adjudication as a second-felony offender and the sentences subsequently imposed upon him are affirmed.
AFFIRMED.

The underlying convictions, all of which arose in Webster Parish, were: May 1993, distribution of cocaine; November 1995, possession of cocaine; and October 2004, attempted possession of cocaine with intent to distribute.

The predicate offense was the 2004 conviction for attempted possession of cocaine with intent to distribute.

In State ex rel. Esteen v. State , 16-0949 (La. 1/30/18), 239 So.3d 233, the Louisiana Supreme Court allowed resentencing pursuant to the more lenient penalty provisions enacted by the legislature in 2001, which were later declared in La. R.S. 15:308(B) to apply retroactively to certain defendants who committed crimes, who were convicted, or who were sentenced prior to June 15, 2001.

In State v. Johnson , supra , the supreme court held that, to rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that he is "exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case." The defendant in the instant case does not assert that he is "exceptional."

In 2014, the sentencing range for distribution of cocaine under La. R.S. 40:967 was not less than two years, nor more than 30 years, with the first two years being without benefit of parole, probation, or suspension of sentence.

The defendant's 1993 distribution of cocaine conviction carried a maximum sentence of 30 years and his 2003 attempted possession of cocaine with intent to distribute carried a maximum sentence of 15 years. The 2017 amendment removed from this subsection violations of the Controlled Dangerous Substances Law and other crimes punishable by imprisonment for 12 years or more. It bears noting, however, that even as a fourth felony offender under the 2017 amendments to the habitual offender law, the defendant could still have received a maximum life sentence.

The defendant's convictions became final after the Louisiana Supreme Court denied his application for a writ of certiorari on May 19, 2017. La. C. Cr. P. art. 922(D). Although he subsequently filed for reconsideration of that denial, it was not considered, pursuant to Supreme Court Rule IX, § 6. State v. Kennon , 16-0947 (La. 11/17/17), 230 So. 3d 219.

While technically Dorthey , supra , involved a mandatory minimum sentence imposed under the habitual offender law and this case does not, this general excessive sentence language applies to analysis of this sentence as well.