Judgment rendered November 20, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,000-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

JIMMY F. KUYKENDALL, JR.              Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 387,262

Honorable Erin Leigh Waddell Garrett, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Paula C. Marx

JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney

ROSS S. OWEN
TOMMY J. JOHNSON
Assistant District Attorneys

* * * * *

Before PITMAN, STONE, and ELLENDER, JJ.

**ELLENDER, J.**

Defendant, Jimmy Kuykendall, Jr., was convicted by a jury of violation of a protective order, third offense, and possession of methamphetamine. He was sentenced to two years at hard labor for violation of a protective order, and five years at hard labor for possession of methamphetamine, to be served consecutively. Both convictions were affirmed on appeal, as was the two-year sentence for violation of a protective order. However, the five-year sentence for possession of methamphetamine was vacated and remanded for resentencing with instructions that the trial court articulate its reasons for imposing the maximum sentence and for imposing the sentences consecutively. *State v. Kuykendall*, 55,288 (La. App. 2 Cir. 9/27/23), 372 So. 3d 912 ("*Kuykendall I*").

On remand, the trial court again sentenced Kuykendall to five years for possession of methamphetamine, consecutive to the two-year sentence for violation of a protective order. For the reasons expressed, we affirm.

## FACTS

As detailed in *Kuykendall I*, Kuykendall and Lori Fox were involved in a romantic relationship that ended when Kuykendall began experiencing what Fox described as "really bad mood swings." Kuykendall moved out of their shared residence at Fox's request, but soon began calling and leaving threatening voicemails. Fox obtained a protective order, which Kuykendall violated on at least three occasions. The first time, he came to Fox's house without a sheriff's deputy to retrieve some items he left there; he pled guilty to violation of a protective order, first offense, on September 29, 2021. The second time, he came to Fox's house with a sheriff's deputy, but, on arrival,

Fox reported Kuykendall had been emailing her in violation of the protective order. Kuykendall pled guilty to violation of a protective order, second offense, on December 13, 2021.

The instant case was the third violation of the protective order, which occurred on January 23, 2022, when Kuykendall parked outside of Fox's home and called to ask her about the man in her yard who he believed was taking his belongings. When deputies arrived, Kuykendall was found to be within 100 yards of Fox's residence and in violation of the protective order yet again. A deputy patted him down and discovered a small amount of methamphetamine and a glass smoking pipe on his person. A search of his vehicle yielded another baggie of methamphetamine, hidden in a pack of cigarettes. Kuykendall was charged with violation of a protective order, third offense, and possession of methamphetamine in an amount more than 2 grams but less than 28 grams. He was tried, found guilty as charged, and sentenced to serve two years at hard labor for violation of a protective order, and five years at hard labor for possession of methamphetamine. Those sentences were to be served consecutively.

In *Kuykendall I*, this court affirmed Kuykendall's convictions, as well as the sentence for violation of a protective order, but vacated the five-year sentence for the possession charge with instructions for the trial court to provide its reasons for imposing a maximum sentence and imposing consecutive sentences; a determination was not made as to whether the maximum five-year hard labor sentence for possession of methamphetamine was excessive.

On remand, the trial court sentenced Kuykendall again to five years at hard labor, consecutive to the two-year sentence for violation of a protective

2

order, third offense. The trial court gave a long list of aggravating factors it considered before imposing its sentence, many of which apply primarily to Kuykendall's violation of a protective order, including:

- Kuykendall's actions manifested deliberate emotional and mental cruelty toward the victim.

- Fox was particularly vulnerable and incapable of resistance due to her age and female gender.

- Fox was in fear for her safety due to Kuykendall's repeated violations of the protective order.

- Kuykendall's mental and emotional abuse of Fox could have resulted in her death.

- Kuykendall made threats of physical harm toward Fox.

- Kuykendall's conduct included threats made with the intent to influence the outcome of criminal proceedings.

- Kuykendall's repeated violations of the protective order evidenced a pattern of blatant disregard for orders of the court.

- Kuykendall's repeated violations of the protective order involved similar offenses.

- While no human life was foreseeably endangered by the discharge of a firearm in the commission of the underlying offense, a portion of the protective order case involved a firearm Kuykendall may have had in his possession.

- Fox in no way induced or facilitated Kuykendall's conduct toward her.

- Kuykendall could never financially compensate Fox for the mental and emotional anguish she endured as a result of his actions.

The trial court also noted aggravating factors it found applied primarily to Kuykendall's conviction for possession of methamphetamine:

- Though Kuykendall has no prior criminal history outside of the underlying charges, the information elicited at trial proved a history of substance abuse.

3

- Kuykendall's violations of Fox's protective order were not terroristic threats. However, when considered in light of his use of methamphetamine, those violations posed an undue threat to the victim.

- Kuykendall's behavior toward Fox could have been exacerbated by his use of methamphetamine and increased the substantial risk of harm to Fox.

- Kuykendall failed to consider how his use of methamphetamine would exacerbate his already problematic disregard for the law.

- Kuykendall was unlikely to respond well to probationary treatment as evidenced by his failure to take advantage of any substance abuse treatment made available to him.

The trial court found Kuykendall's blatant disregard for the lawful orders of the court showed a need for correctional treatment and of a high likelihood he would reoffend. Also of concern to the trial court was the safety of the victim and those persons in her immediate vicinity. The trial court determined Kuykendall presented a grave risk to public safety based on his documented history of drug use, his repeated disregard for the lawful orders of the court, and his failure to avail himself of any drug treatment. The trial court cited the aggravating factors already discussed as support for the imposition of consecutive sentences under La. C. Cr. P. art. 883.

Fox was present in the courtroom for Kuykendall's resentencing. As Kuykendall left the courtroom, the record indicates he attempted to intimidate or scare Fox, so the trial court directed him to return and his actions were addressed on the record. The trial court found Kuykendall's attempts to intimidate Fox proved his disregard for the court, and it considered his actions as additional support for the maximum consecutive sentences.

Kuykendall filed a motion to reconsider sentence, which the trial court denied.  This appeal followed.

## DISCUSSION

Kuykendall argues the maximum sentence imposed by the trial court for possession of methamphetamine is unconstitutionally excessive in light of his personal circumstances, and he argues the trial court failed to articulate sufficient justification for its imposition of consecutive sentences. The State contends Kuykendall waived any claims related to the trial court's consideration of factors listed in La. C. Cr. P. art. 894.1 because he claimed only constitutional excessiveness in his motion for reconsideration of sentence and is, therefore, limited on appeal to a bare claim of excessiveness.  The State further argues the maximum consecutive sentence is appropriate under the circumstances and urges this court to affirm.

### *Consecutive Sentences*

Kuykendall argues the record does not support the trial court's finding he presents a grave risk to the community, the victim, or her safety because his violation of the protective order resulted in no physical harm to the victim or the public that would warrant consecutive sentences.  Kuykendall points to his lack of criminal history, the lack of physical harm to the victim, and the circumstances of the protective order violations in support.  He also asks this court to vacate the maximum sentence for possession of methamphetamine and remand for imposition of a lesser, concurrent, particularized sentence pursuant to La. C. Cr. P. art. 894.1.

In response, the State argues the multitude of factors considered by the trial court when imposing the maximum sentence also supports its imposition of consecutive sentences.  The State cites the totality of the

circumstances, points to the trial court's finding Kuykendall presented a grave risk to the victim and those persons in her vicinity, and its concern for Kuykendall's obvious disdain for the orders of the court and continued pattern of behavior toward the victim, as valid reasons for ordering consecutive sentences.

When two or more convictions arise from the same act or transaction, or constitute parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. La. C. Cr. P. art. 883. It is within the court's discretion to make sentences consecutive rather than concurrent. *State v. Dunams*, 55,443 (La. App. 2 Cir. 1/10/24), 379 So. 3d 251, *writ denied*, 24-00205 (La. 9/17/24), 392 So. 3d 6325; *State v. Robinson*, 49,677 (La. App. 2 Cir. 4/15/15), 163 So. 3d 829, *writ denied*, 15-0924 (La. 4/15/16), 191 So. 3d 1034; *State v. Dale*, 53,736 (La. App. 2 Cir. 1/13/21), 309 So. 3d 1031. Concurrent sentences arising out of a single course of conduct are not mandatory, and consecutive sentences under those circumstances are not necessarily excessive. *State v. Dunams*, *supra*; *State v. Hebert*, 50,163 (La. App. 2 Cir. 11/18/15), 181 So. 3d 795.

When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. Among the factors to be considered are the defendant's criminal history, the gravity or dangerousness of the offense, the viciousness of the crimes, the harm done to the victims, whether the defendant constitutes an unusual risk of danger to the public, the potential for defendant's rehabilitation, and whether the defendant has received a benefit from a plea bargain. *State v. Dunams*, *supra*; *State v. Wing*, 51,857 (La. App. 2 Cir. 2/28/18), 246 So. 3d 711.

These consecutive sentences are supported by the substantial list of aggravating factors noted by the trial court, the conduct exhibited by Kuykendall after his trial, his continued noncompliance with lawful orders, and the trial court's determination that Kuykendall presents a serious risk of danger to the victim and the public. We find the trial court thoroughly supported its imposition of consecutive sentences. This assignment of error lacks merit.

### *Excessive Sentence*

Regarding the maximum sentence for possession of methamphetamine, Kuykendall argues the trial court failed to consider important elements of his personal history, including his homelessness, physical and mental health, family ties, age, drug problem, the small amount of methamphetamine in his possession at the time of his arrest, the lack of distribution charges, and his difficulty with comprehension stemming from a traumatic brain injury sustained in 1987. He contends all of these are mitigating factors the trial court should have considered pursuant to La. C. Cr. P. art. 894.1. Kuykendall believes the trial court improperly used the facts surrounding his violation of the protective order as the basis for imposing the maximum sentence for his possession offense. Kuykendall argues the maximum sentence for any offense must be reserved for the worst offenders, which he contends he cannot be as he possessed a relatively small amount of methamphetamine.

The State responds the trial court comprehensively supported the maximum sentence for possession of methamphetamine by detailing Kuykendall's history, which showed an undue risk he would commit another crime, the devastating impact of methamphetamine on the community,

7

Kuykendall's refusal to participate in drug treatment previously made available to him, the ongoing nature of his drug use revealed at his trial, and his repeated refusal to abide by the orders of the court. The State submits the trial court did not abuse its discretion or inflict needless or purposeless pain upon Kuykendall, but imposed an appropriate term of imprisonment to protect the victim and the public from a chronic drug user who is known to regularly disregard lawful orders of the court.

The trial court has wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion. *State v. Abercrumbia*, 412 So. 2d 1027 (La. 1982). On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7, *citing State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957.

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show the trial court complied with La. C. Cr. P. art. 894.1. *State v. Sandifer*, 54,990 (La. App. 2 Cir. 4/5/23), 361 So. 3d 1079, *writ denied*, 23-00653 (La. 10/31/23), 372 So. 3d 811, *citing State v. Smith*, 433 So. 2d 688 (La. 1983). The trial court need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, but the record must reflect it adequately considered these guidelines in particularizing the sentence to the defendant. *Id*. There is no requirement that specific matters be given any particular weight at sentencing. *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Smith*, 01-2574 (La. 1/14/03), 839 So. 2d 1, *citing State v. Bonanno*, 384 So. 2d 355 (La. 1980).

At the time of this offense, La. R.S. 40:967(C)(2) provided the following sentencing range:

> Any person who violates this Subsection with respect to * * * an aggregate weight of two grams or more but less than twenty-eight grams shall be imprisoned, with or without hard labor, for not less than one year nor more than five years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars.

The record shows the trial court thoroughly and methodically complied with the requirements set out in La. C. Cr. P. art. 894.1, providing several serious aggravating factors to justify its five-year sentence. Further, despite Kuykendall's claims to the contrary, the trial court expressly discussed various aspects of his personal history at his resentencing, including his age, homelessness, lack of employment, lack of familial support, and pattern of conduct, prior to imposing sentence.

Additionally, the trial court determined Kuykendall had a history of substance abuse supported by evidence presented at trial, that this placed Fox and those around her at an increased risk of harm, and it exacerbated his own criminal conduct. We find it particularly important to note that this trial court judge, Judge Waddell Garrett, presides over the drug court section for Caddo Parish and has for several years; she has a firsthand perspective on

9

the devastating effects of methamphetamine on the citizens of her parish in particular and north Louisiana in general.

The trial court determined Kuykendall was unlikely to benefit from probationary services based on his history, a finding supported by the record in this case. Not only had he previously violated Fox's protective order twice, but then chose to violate it a third time while in possession of methamphetamine. His choice to commit two felony crimes underscores the trial court's concerns about his escalating criminal conduct. Astonishingly, he then attempted to intimidate Fox in the courtroom in the presence of the trial court and courtroom personnel.

When considering the totality of the circumstances, we are unable to say the trial court abused its vast discretion in sentencing Kuykendall to five years at hard labor, consecutive to his sentence for violation of a protective order, third offense. This sentence does not shock the sense of justice, and this assigned error lacks merit.

## CONCLUSION

For the reasons expressed, Jimmy F. Kuykendall, Jr.'s convictions and sentences are affirmed.

**AFFIRMED.**