Judgment rendered December 18, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,067-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

MICHAEL D. MOSLEY                           Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 363,124

Honorable Donald Edgar Hathaway, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT              Counsel for Appellant
By: Paula C. Marx

JAMES E. STEWART, SR.                    Counsel for Appellee
District Attorney

ALEX L. PORUBSKY
BRIANA SPIVEY
JASON WAYNE WALTMAN
Assistant District Attorneys

* * * * *

Before STONE, STEPHENS, and HUNTER, JJ.

**STONE, J.**

This appeal arises from the First Judicial District Court, the Honorable Donald E. Hathaway presiding. On November 2, 2023, the defendant, Michael D. Mosley ("Mosley"), pled guilty to one count of possession with the intent to distribute less than 28 grams of a Schedule II controlled dangerous substance (methamphetamine), and one count of illegal carrying of a weapon, while in the possession of a controlled dangerous substance (methamphetamine). Mosley was thereafter ordered to serve consecutive sentences of 2 ½ years at hard labor on the possession charge and 5 years at hard labor on the weapon charge. Mosley appealed. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On or about December 9, 2018, in the 2500 block of Mabel Street, Shreveport Police Officers observed a group of individuals drinking alcohol outside. When the officers approached the group, one of the individuals — later identified as Mosley — threw an object to the ground, ducked behind a nearby vehicle, and began walking at a fast pace away from the officers. Officers briefly detained Mosley and patted him down for officer safety. During the pat down, a clear baggie containing what was believed to be narcotics was partially exposed in Mosley's overalls right pocket. Concealed underneath Mosley's overalls was a black FNX-40 firearm. After being advised of his *Miranda* rights, Mosley stated that he had the drugs because that was his way of making a living. According to the officer's report, a total of 43 small blue baggies were collected from the scene. The north Louisiana Criminalistics Laboratory confirmed that the drugs confiscated from Mosley was methamphetamine and had an aggregate

weight of 10.84 grams. Mosley was charged by a bill of information with one count of possession with the intent to distribute (methamphetamine), a violation of La. R.S. 40:967(A)(1) & (B)(1)(a), and one count of illegal carrying of a weapon, while in the possession of a controlled dangerous substance (methamphetamine), a violation of La. R.S. 14:95(E). On January 3, 2024, Mosley was sentenced to serve 2 ½ years at hard labor on the possession charge and 5 years at hard labor on the weapon charge. His sentences were ordered to be served consecutively for a total imprisonment of 7 ½ years. Mosley filed a motion for reconsideration of sentence which the trial court denied. In this appeal, Mosley asserts that the trial court failed to articulate sufficient justification for imposition of consecutive sentences.

The trial court highlighted L. C. Cr. P. art. 894.1 and concluded the following were aggravating factors in this case: (1) use of a dangerous weapon, (2) the offense was a controlled dangerous substance offense, (3) use of a firearm while committing a controlled dangerous substance offense, (4) the offender obtained a significant income or resources or made a living from ongoing drug activities. According to the trial court, these factors are significant elements of the charged crimes, and thus factored into the sentence range provided by the statute. The trial court ordered a presentence investigation report ("PSI") and concluded that none of the mitigating factors applied.[1] The trial court found that Mosley did not act under strong provocation nor is he particularly likely to respond affirmatively to probationary treatment.

---

[1] Mosley was 45 years old and had completed 10th grade in high school. He worked at Diamond Jacks as a security guard and at Ivan Smith's as a forklift operator and other various jobs. He was raised by both parents and a grandmother. He has 5 sisters and 1 brother, never married but has 4 children between the ages of 10 and 21.

In his sole assignment of error, Mosley asserts that the trial court failed to articulate sufficient justification for imposition of consecutive sentences and the record does not support a finding that he presents a grave risk to the safety of the community (which rebuts the presumption of concurrent sentences). He further asserts that his charges are too closely intertwined, i.e., that the offenses arose out of the same act or transaction as they clearly occurred at the same time on the same date. This served as the basis for the plea agreement. He argues that he was practically punished for the same drug (methamphetamine) twice and while not rising to the level of a double jeopardy violation, the facts of this case strongly suggest that only concurrent sentences are warranted. Lastly, Mosley contends that he is a first felony offender, and the record neither establishes past criminality on his part nor any other circumstances in his background that justifies treating him as a grave risk to the safety of the community.

## DISCUSSION

The state argues that Mosley's consecutive sentences are not disproportionate to the seriousness of the crimes, particularly in light of his continued criminal activities during the pendency of this case.[2] The state contends that remand is not required because Mosley's consecutive sentences are adequately supported by the record. The sentencing provision for La. R.S. 40:967 (B)(1)(a) provides:

> "… an aggregate weigh of less than twenty-eight grams, shall be imprisoned, without or without hard labor, for not less than one year nor more than ten years…"

---

[2] The PSI revealed that 3 years into his prosecution for the instant case, Mosley was arrested on charges of possession with intent to distribute a Schedule I CDS, possession with intent to distribute Schedule II CDS, illegal carrying of a firearm while in possession of CDS, and illegal possession of a stolen firearm. These charges were known to the trial court and were the basis of his bond revocation.

3

The sentencing provisions for La. R.S. 14:95(E) provides:

> "… the offender shall be fined not more than ten thousand dollars and imprisoned at hard labor for not less than five nor more than ten years…"

The state further argues that Mosely's individual sentences were the lowest or near lowest sentences permissible under the law. We agree.

When two or more convictions arise from the same act or transaction, or constitute parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. La. C. Cr. P. art. 883. Concurrent sentences arising out of a single course of conduct are not mandatory, and consecutive sentences under those circumstances are not necessarily excessive. *State v. Dale*, 53,736 (La. App. 2 Cir. 1/13/21), 309 So. 3d 1031; *State v. Hebert*, 50,163 (La. App. 2 Cir. 11/18/15), 181 So. 3d 795. It is within the court's discretion to make sentences consecutive rather than concurrent. *State v. Dale*, *supra*; *State v. Robinson*, 49,677 (La. App. 2 Cir. 4/15/15), 163 So. 3d 829, *writ denied*, 15-0924 (La. 4/15/16), 191 So. 3d 1034. *State v. Kuykendall*, 55,288 (La. App. 2 Cir. 9/27/23), 372 So. 3d 912, 917–18.

When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. Among the factors to be considered are the defendant's criminal history, the gravity or dangerousness of the offense, the viciousness of the crimes, the harm done to the victims, whether the defendant constitutes an unusual risk of danger to the public, the potential for defendant's rehabilitation, and whether the defendant has received a benefit from a plea bargain. *State v. Dale*, *supra*; *State v. Wing*, 51,857 (La. App. 2 Cir. 2/28/18), 246 So. 3d 711. A judgment directing that sentences arising from a single course of conduct be

4

served consecutively requires particular justification from the evidence of record. *State v. Dale, supra; State v. Mitchell*, 37,916 (La. App. 2 Cir. 3/3/04), 869 So. 2d 276, *writ denied*, 04-0797 (La. 9/24/04), 882 So. 2d 1168; *State v. Strother*, 606 So. 2d 891 (La. App. 2 Cir. 1992), *writ denied*, 612 So. 2d 55 (La. 1993). *State v. Kuykendall*, 55,288 (La. App. 2 Cir. 9/27/23), 372 So. 3d 912, 918.

In matter sub judice, the record is replete with factual grounds to support the consecutive sentences imposed. The trial court considered both aggravating and mitigating factors under La. C. Cr. P. art. 894.1. The trial court specifically noted Mosley's possession of a firearm while in the commission of the narcotics trade and Mosley's admission that he derived income from those activities. Citing Mosley's previous bond revocation, the trial court found that there was an undue risk that during any period of probation or suspended sentence, Mosley would likely commit another crime, and he is in need of correctional treatment. The trial court balanced on one hand that Mosley's criminal conduct neither caused nor threatened serious harm as a mitigating factor, and on the other hand that Mosley was armed while in the business of dealing drugs as an aggravating factor. The trial court found there was no provocation for Mosley and a lesser sentence would deprecate the seriousness of the crime.

The trial court properly considered the facts of this case, Mosley's PSI, that includes his personal work and family history, as well as his criminal history in accordance with the La. C. Cr. P. art. 894.1 factors. We note that while the current charges are Mosley's first felony convictions, his

criminal arrests date back decades.[3] His post-*Miranda* admission that he sells drugs for a living indicates this is the first time that he has been caught. Mosley's propensity to commit similar crimes was obvious as he was arrested for almost identical felony charges while the current case was pending, and such criminal conduct inherently puts the safety of the community at risk. Moreover, because these charges are so intertwined, he is particularly dangerous. Further, Mosley benefitted from his plea agreement as the new felony charges were dismissed, thereby substantially reducing his sentencing exposure as a habitual offender.

The record adequately provides a factual basis for the imposition of consecutive sentences. Jurisprudence has consistently held that remand is *not* necessary where the record supports the imposition of consecutive sentences, even if specific reasons were not articulated at the time of sentencing. The trial court did not abuse its discretion by imposing consecutive sentences and remand would negate judicial efficiency.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

**AFFIRMED.**

---

[3] Mosley's previous charges include traffic violations such as driving while intoxicated, driving without a license or insurance and speeding. His misdemeanor charges include simple battery, disturbing the peace and urinating in public.

6

**STEPHENS, J., concurs.**

I concur. The significant benefit the defendant received from the dismissal of the new charges in his plea bargain negates the quasi-double jeopardy concerns or implications that might have otherwise arisen had he been sentenced on the new charges.