GARRETT, J.
*713 The defendant, Damon Allen Wing, was convicted of two counts of simple burglary and sentenced to serve eight years at hard labor on each count, to be served consecutively. Wing appeals, claiming his sentences are excessive and should not have been ordered to be served consecutively. For the following reasons, we affirm the convictions, vacate the sentences, and remand for resentencing.
FACTS
On the afternoon of April 14, 2016, Caryn McCabe, the concessions manager at the Blanchard Athletic Club, arrived at the business to find it had been burglarized. A window was broken out of a door and the door had been unlocked from the inside. A cinderblock brick and a piece of rebar, apparently used to break the window, were found on the ground nearby. A bottle of sports drink, which had been partially consumed, was found on the counter, along with an ICEE, which was still frozen. The bathroom had been used and the toilet had not been flushed. The cash register and items on the safe had been moved. When Ms. McCabe left the building around 10 p.m. the night before, it had been completely cleaned and straightened.
Ms. McCabe called the Blanchard Police Department. Sergeant Brian Anderson responded to the call and photographed the scene. Ms. McCabe put some plastic over the broken window.
Early on the morning of April 15, Sgt. Anderson received information that Wing, who was 19 years old, was involved in the burglary. Sgt. Anderson contacted Wing. He was advised of his Miranda rights and signed a waiver of those rights. That morning, Wing wrote out a confession, in his own handwriting, which stated:
Yesterday afternoon I used a brick and rebar to break into the concesion [sic] stand at the ballpark and got a drink and some candy and then used the bathroom and hit the safe with a hammer and then people showed up and I left.
The statement regarding hitting the safe with a hammer was puzzling to Sgt. Anderson because he had not observed much damage to it.
Later that morning, following the initial interview with Wing, Sgt. Anderson was again dispatched to the Blanchard Athletic Club, which had been burglarized a second time. The plastic on the door had been broken through and the safe had been severely damaged, but had not been opened. Sgt. Anderson photographed the scene and went back to Wing, who was again advised of and waived his Miranda rights. Wing admitted that he burglarized the concession stand again after Sgt. Anderson photographed the scene on April 14. Wing added the following sentence to his statement:
Came back later that night and used a hammer on the safe to no evail [sic].
Wing was charged with two counts of simple burglary and was tried by a six-person jury on March 7, 2017. Immediately before trial, a hearing was held on the admissibility of Wing's handwritten confession. The statement was found to be given freely and voluntarily and was admitted into evidence at trial. After hearing testimony from Ms. McCabe and Sgt. Anderson, examining the photographs admitted at trial, and reading Wing's confession, the jury convicted him as charged on both counts of simple burglary.[1] The trial court immediately set a sentencing date of March 16, 2017.
*714 On March 16, 2017, Wing filed a motion for new trial, asserting that the state failed to meet its burden of proof because there was no evidence that he committed any burglary, the alleged confession was a total fabrication, and the defendant's confession alone was not sufficient to support the convictions. He also filed a motion for post-verdict judgment of acquittal, arguing that the state failed to prove that he made an unauthorized entry into the building with the intent to commit a felony, failed to produce direct evidence that he committed any simple burglary, or failed to show that there was any simple burglary committed by him. Prior to sentencing on March 16, 2017, the trial court denied both motions, finding that they were not supported by the record. Wing objected to the rulings and specifically waived the sentencing delays of La. C. Cr. P. art. 873.
The trial court then proceeded with sentencing. Wing was informed of the maximum sentence for simple burglary, the delays for filing a motion to reconsider the sentences and to appeal the sentences, and the time limits to apply for post conviction relief. The court stated that it was required to impose a sentence of imprisonment because there was an undue risk that, during the period of a suspended sentence or probation, the defendant would commit another crime, the defendant was in need of correctional treatment or a custodial environment that could be provided most effectively by commitment to an institution, and a lesser sentence would deprecate the seriousness of the defendant's crime.
The court made the following statements concerning sentencing:
In addition, the Court is supposed to consider the aggravating and mitigating factors found in Article 894.1B. Paragraph B provides the following grounds. While not controlling, the discretion of the Court shall be accorded weight in its determination of suspension of sentence or probation. One, the offender's conduct during the commission of the offense manifested deliberate cruelty to the victim. I find that to be applicable. I find no other additional aggravating circumstances applicable found from (2) to (21) of subparagraph B.
Subparagraphs (22) to (33) contain the mitigating circumstances the Court should consider in determining what the sentence will be. I find (22) applicable, the defendant's criminal conduct neither caused nor threatened serious harm. No one was at the place of business when the burglaries occurred. No one was hurt. And so I find all of that to be a mitigating circumstance.
The court then sentenced Wing to serve eight years at hard labor, with credit for time served, on each count, with the sentences to be served consecutively. At that point, the state dismissed some other unspecified charges. The court then made a recommendation that Wing "get some addiction treatment either at Steve Hoyle or whatever program the DOC has available for him for drug and/or alcohol addiction."
Wing filed a motion to reconsider the sentences, claiming they were excessive in light of the circumstances of the offense, the failure of the court to adequately consider mitigating factors presented by the defense, and for failing to state adequate grounds for the imposition of the sentences. The court issued a written ruling which denied the motion. According to the court, it announced for the record which aggravating and mitigating circumstances where applicable to the case. The court stated:
Specifically, the Court recited subparagraph B.(1) of Article 894.1 applicable as an aggravating circumstance, and the *715 Court recited subparagraph B.(22) applicable as a mitigating circumstance.
The court noted that the maximum sentence for simple robbery is 12 years at hard labor, and that Wing was ordered to serve only eight years on each count. Wing appealed.
EXCESSIVE SENTENCES
On appeal, Wing argues that the sentences imposed were excessive, both as to their length and the fact that they were ordered to be served consecutively. Wing maintains that, in determining the length of sentence, the trial court was wrong in its recitation of the aggravating circumstance considered. The aggravating circumstance recited by the record, that the offender's conduct during the commission of the offense manifested deliberate cruelty to the victim, is not supported by the record. Wing asserts that the court repeated the error in its denial of the motion to reconsider sentence.
Wing also argues that the trial court erred in ordering the sentences to be served consecutively. He contends that the burglaries were based on the same act or transaction, or were parts of a common scheme or plan. Under such circumstances, the sentences are to be served concurrently, unless the trial court expressly orders that the sentences be served consecutively and articulates reasons why the defendant is a grave risk to public safety warranting such sentences. He notes that, in this case, no such reasons were given. These arguments have merit.
Legal Principles
A reviewing court imposes a two-prong test in determining whether a sentence is excessive. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects adequate consideration of the guidelines of the article. State v. Smith , 433 So.2d 688 (La. 1983) ; State v. Boehm , 51,229 (La. App. 2 Cir. 4/5/17), 217 So.3d 596. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence. La. C. Cr. P. art. 894.1(C). The articulation of the factual basis for the sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions; and, where the record clearly shows an adequate factual basis for the sentence, resentencing is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Fontenot , 49,835 (La. App. 2 Cir. 5/27/15), 166 So.3d 1215.
The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. Jones , 398 So.2d 1049 (La. 1981) ; State v. Boehm , supra . There is no requirement that specific matters be given any particular weight at sentencing. State v. Boehm , supra .
Second, a sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey , 623 So.2d 1276 (La. 1993) ; State v. Boehm , supra . A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver , 2001-0467 (La. 1/15/02), 805 So.2d 166 ; State v. Boehm , supra .
A trial court has wide discretion to sentence within the statutory limits. Absent *716 a showing of manifest abuse of that discretion, a sentence will not be set aside as excessive. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Boehm , supra .
Regarding concurrent and consecutive sentences, La. C. Cr. P. art. 883 provides:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
Concurrent sentences arising out of a single course of conduct are not mandatory, and consecutive sentences under those circumstances are not necessarily excessive. State v. Mitchell , 37,916 (La. App. 2 Cir. 3/3/04), 869 So.2d 276, writ denied , 2004-0797 (La. 9/24/04), 882 So.2d 1168 ; State v. Burns , 44,937 (La. App. 2 Cir. 2/2/10), 32 So.3d 261. It is within a trial court's discretion to order sentences to run consecutively rather than concurrently. When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. A judgment directing that sentences arising from a single course of conduct be served consecutively requires particular justification from the evidence of record. State v. Mitchell , supra .
Among the factors to be considered are the defendant's criminal history, the gravity or dangerousness of the offense, the viciousness of the crimes, the harm done to the victims, whether the defendant constitutes an unusual risk of danger to the public, the potential for the defendant's rehabilitation, and whether the defendant has received a benefit from a plea bargain. State v. Nelson , 44,762 (La. App. 2 Cir. 10/28/09), 25 So.3d 905 ; State v. Austin , 49,061 (La. App. 2 Cir. 7/16/14), 146 So.3d 716, writ denied , 2014-2323 (La. 9/18/15), 178 So.3d 140. See also State v. Green , 2016-0107 (La. 6/29/17), 225 So.3d 1033, cert. denied , --- U.S. ----, 138 S.Ct. 459, 199 L.Ed.2d 338 (2017). The failure to articulate specific reasons for consecutive sentences does not require remand if the record provides an adequate factual basis to support consecutive sentences. State v. Nelson , supra .
Whoever commits the crime of simple burglary shall be fined not more than $2,000, imprisoned with or without hard labor for not more than 12 years, or both. La. R. S. 14:62(B).
Discussion
In this matter, Wing wrote out, in his own hand, a confession to the two burglaries. The physical evidence at the scene corroborated the confession. On appeal, Wing does not question the sufficiency of the evidence against him. He merely complains that the sentences are excessive and are not supported by the record or the trial court's reasons for the sentences imposed.
The record shows that, in imposing the sentences in this matter, the trial court simply failed to take cognizance of the criteria set forth in La. C. Cr. P. art. 894.1, recite factors for the sentences which were supported by the record, and show that consecutive sentences were warranted. While not specifically required to do so, the trial court did not order a presentence investigation ("PSI") report. Although a "rap sheet" is in the record as part of the state's discovery response, it was not admitted into evidence and was *717 never referenced by the court. The trial court did not state for the record that Wing had a prior criminal history or whether it factored into the sentencing decision.[2] The trial court did not consider the likelihood that Wing could be rehabilitated.
The trial court did not recite for the record any important elements of Wing's personal history that were considered in formulating the sentences. Wing was 19 years old when he committed the burglaries of the concession stand. His attempts to open the safe were unsuccessful. He took some drinks and candy and caused property damage. The police report made in connection with the first burglary estimated the total value of property taken or damaged at $105. There was no estimate in the record regarding the amount of damage done to the safe in the second burglary. Wing apparently has some type of an addiction issue, but this was not explained on the record. His confession contains spelling and grammatical errors, but his intelligence level was never discussed.
The trial court purported to specify aggravating and mitigating factors considered in sentencing, but its reasons were not supported by the record. The court stated that Wing's conduct manifested deliberate cruelty to the victim and then found, as a mitigating factor, that no one was present during the burglaries and that Wing's criminal conduct neither caused nor threatened serious harm. These factors are incongruous. It is obvious that the trial court misspoke in enumerating aggravating and mitigating circumstances in this case. In ruling on Wing's motion to reconsider sentence, the trial court did not recognize the error.
In ordering that the sentences were to be served consecutively, it is not clear from the record whether the trial court specifically considered whether the offenses were the same act or transaction or part of a common scheme or plan. While we make no judgment on this issue, if they were part of a common scheme or plan, the trial court is required to specify reasons for ordering the sentences to be served consecutively.[3]
We also make no ruling on whether consecutive hard labor sentences of eight years for each offense were excessive when imposed upon a 19-year-old who burglarized a concession stand, taking drinks and candy and causing some property damage. The record before us is so thin that it precludes any such review. The sparse record made at sentencing does not supply a sufficient factual basis to support the sentences. Due to the paucity of reasons for the sentences imposed, we are constrained to vacate the sentences and remand for resentencing.
CONCLUSION
For the reasons stated above, the convictions of the defendant, Damon Allen Wing, for two counts of simple burglary are affirmed. The sentences are vacated and the matter is remanded for resentencing.
CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED FOR RESENTENCING .

Wing did not testify at trial.

Since Wing did not testify at his trial, any evidence pertaining to prior criminal convictions for impeachment purposes is not before us.

See State v. Green , supra ; State v. Sherer , 437 So.2d 276 (La. 1983) ; State v. Nixon , 51,319 (La. App. 2 Cir. 5/19/17), 222 So.3d 123 ; State v. Simpson , 50,334 (La. App. 2 Cir. 1/13/16), 186 So.3d 195.