Judgment rendered June 30, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,970-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

CHARLES WRAY ROBERTSON                Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 232,402

Honorable Michael O. Craig, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Edward K. Bauman

J. SCHUYLER MARVIN                     Counsel for Appellee
District Attorney

ALEXANDRA AIELLO
JOHN M. LAWRENCE
Assistant District Attorneys

* * * * *

Before PITMAN, ROBINSON, and HUNTER, JJ.

**PITMAN, J**.

Defendant Charles Wray Robertson pled guilty to operating a vehicle while intoxicated ("DWI"), fourth offense, and was sentenced to 20 years at hard labor.  He appeals his sentence as excessive.  For the following reasons, we affirm the conviction and sentence, but remand for correction of the sentence consistent with instructions contained herein.

**FACTS**

Defendant was charged by bill of information with operating a vehicle while intoxicated, fourth offense, in violation of La. R.S. 14:98.4.[1]  The offense occurred on June 5, 2019, in Bossier Parish.  The bill of information stated that Defendant had three previous convictions for DWI — one from September 11, 2012, and two from January 3, 2017.

On February 18, 2020, after a *Boykin*[2] exam, Defendant pled guilty as charged, and the state dismissed other pending charges.  Prior to his *Boykin* exam, Defendant mentioned multiple times that he was hard of hearing and was having trouble understanding what was being said.  His attorney had to speak to him twice off the record to explain his guilty plea to him.  She stated that she had spoken to him earlier in the morning, but that her client did not appear to remember what had been said regarding his sentencing exposure for pleading.  She asked the trial court for permission to speak to Defendant in the back of the courtroom, and the trial court stated, "And just

---

[1] The transcript of the guilty plea of February 18, 2020, indicates that two other charges were pending against Defendant, including one of theft and one of domestic abuse battery.  The state agreed to dismiss these charges in exchange for a guilty plea to the charge of driving while intoxicated, fourth offense.

[2] *See Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

make sure he understands that it's . . . a DWI Fourth that he's pleading to and what the sentencing range on that is."

The trial court did not advise Defendant of the sentencing range for DWI, fourth offense, and the sentencing range is not stated in the *Boykin* transcript. It did ask Defendant if his attorney had explained to him the minimum and maximum penalties associated with the offense, and Defendant replied affirmatively.

The state provided a factual basis for the guilty plea, explaining that on June 5, 2019, in Bossier Parish, Defendant submitted to a breathalyzer test, and his blood alcohol content registered .133, which exceeded the legal limit of .08. It also provided details of Defendant's three prior convictions for DWI, which had been listed on the bill of information, including a conviction on January 3, 2017, in Bossier Parish, docket number 220,172; a conviction on January 3, 2017, in Bossier Parish, docket number 209,979; and a conviction on September 11, 2012, in Jackson Parish, docket number 44,988.

Defendant agreed that the facts recited were substantially correct. His attorney affirmed that she believed he understood his rights and that he freely and voluntarily waived them. The trial court accepted Defendant's guilty plea and, in accordance with La. C. Cr. P. art. 875, ordered a presentence investigation report ("PSI").

Defendant appeared for sentencing on May 11, 2020. The trial court stated it had reviewed the PSI in accordance with the guidelines of La. C. Cr. P. art. 894.1. It noted the circumstances of his most recent arrest for DWI, including that his blood alcohol level exceeded the legal limit and that he failed the field sobriety test.

The trial court noted that Defendant had a criminal history, which began in February 1992 when he was arrested for possession of a controlled substance and was convicted in January 1993. His criminal history continued through the 1990s and included a DWI in Caddo Parish in 1996, a second DWI in Bienville Parish in March 1998 and a third DWI in January 2002 in Bossier Parish. In 2005, he was convicted of felony second degree battery. In 2007, he was charged with a felony DWI in Bienville Parish, and he pled guilty to that charge as a DWI, third offense. In 2008, he was charged with second degree battery, which was reduced to domestic abuse battery. In 2010, he was charged with domestic abuse battery.[3] In 2014, he was charged with DWI, second offense, which the trial court noted was actually his fifth DWI. In 2016, he was charged with DWI, fourth offense, which was pled down to a third offense, but which was actually his sixth charge of DWI. In 2017, he was charged with felony DWI in Webster Parish, but there was no resolution of that charge indicated in the PSI.

After noting Defendant's many charges of DWI, the trial court stated that while not all of these previous charges could be used against him to determine the number of the DWI offenses with which he was charged, they could be considered by the court for purposes of determining a sentence. It noted that the previous charges show a pattern of behavior and that Defendant obviously has an alcohol problem, but, "it doesn't bother you enough to stop you from driving a car." It stated that Defendant was placing everyone in Bossier, Webster, Bienville and Caddo Parishes in danger. It further stated that it was obvious Defendant was not going to stop drinking

_____

[3] The trial court did not mention the charge listed on the bill of information regarding the prior DWI in 2012 in Jackson Parish. It was also not listed in the PSI.

and driving and the only way to protect the community was to put him in prison. For those reasons, it sentenced Defendant to serve 20 years at hard labor with credit for time served since the date of his arrest on the charge for which he was before the court that day. He was advised that he had 30 days to appeal his sentence and also that he had two years from when his "conviction becomes final" to seek post-conviction relief pursuant to La. C. Cr. P. art. 930.8.

After sentence was pronounced and after receiving permission from the trial court, Defendant's attorney asked him if he wished to appeal the sentence. He replied that he did not understand her. The trial court then asked if he wanted to appeal the sentence, and Defendant replied, "Uh, I-I thought you said four years." The trial court replied that it had said 20 years, and Defendant questioned, "Twenty?" At that point, he stated that he did want to appeal and objected to the sentence.

Defendant filed a timely motion to reconsider sentence and argued that his sentence was excessive and unconstitutional. The motion to reconsider sentence was denied. This appeal followed.

## DISCUSSION

### Guilty Plea

Defendant asserts that the trial court erred in allowing defense counsel to assume the trial court's role in informing him of the minimum and maximum sentences he would face by pleading with an open-ended term. He claims this error is significant since he is hard of hearing and did not sign a plea of guilty and waiver of constitutional rights form. He argues that the trial court's failure to advise him of the minimum and maximum penalties for pleading guilty was not merely harmless error and that it violates the

4

requirements of La. C. Cr. P. art. 556.1. He contends that he was confused at sentencing and shocked when the trial court repeated that he had been sentenced to 20 years and not 4 years. He requests that this court vacate his guilty plea, set aside his conviction and sentence, and remand for further proceedings.

The state argues that Defendant was fully questioned and informed of his rights in the guilty plea colloquy, and his own attorney stated on the record that she believed Defendant understood his rights and freely and voluntarily waived them.

Whether a trial court complied with La. C. Cr. P. art. 556.1 is not subject to error patent review, but must, instead, be designated as an assignment of error by defendant on appeal. *State v. Guzman*, 99-1528 (La. 5/16/00), 769 So. 2d 1158. A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity or variance which does not affect substantial rights of the accused. La. C. Cr. P. art. 921.

In a felony case, the court shall not accept a plea of guilty or *nolo contendere* without first addressing the defendant personally in open court and informing him of any mandatory minimum sentence and the maximum possible penalty provided by law. La. C. Cr. P. art. 556.1(A)(1). Any variance from the procedures required by La. C. Cr. P. art. 556.1 that does not affect substantial rights of the accused shall not invalidate the plea. La. C. Cr. P. art. 556.1(E).

Even though "advice with respect to the defendant's sentencing exposure may facilitate the taking of a voluntary guilty plea, [it] does not form part of the core *Boykin* requirements for the entry of a presumptively valid guilty plea." *State v. Anderson*, 98-2977 (La. 3/19/99), 732 So. 2d

517; *State v. Burford*, 39,610 (La. App. 2 Cir. 5/11/05), 902 So. 2d 1190, *writ denied*, 05-1573 (La. 1/27/06), 922 So. 2d 545.

In *State v. Demease,* 33,047 (La. App. 2 Cir. 4/5/00), 756 So. 2d 1264, *writ denied*, 00-1488 (La. 5/25/01), 792 So. 2d 750, this court determined that the trial court's failure to inform the defendant of the sentencing consequences or exposure before he pled guilty to the predicate offense did not result in constitutional infirmity. This court stated that while advice as to a defendant's sentencing exposure may facilitate the taking of a voluntary guilty plea, it never formed part of the court's core *Boykin* requirements for the entry of a presumptively valid guilty plea. Thus, there was no constitutional infirmity as to the failure to inform the defendant of sentencing consequences or exposure. *Id.*, *citing State v. Anderson*, *supra*.

The record in the case *sub judice* shows that prior to accepting the guilty plea, the trial court advised Defendant of his substantive rights under *Boykin*. Defendant told the court that he understood his rights and understood he was waiving those rights by pleading guilty.[4]

Although the 20-year sentence imposed may have been a longer term of imprisonment than Defendant expected, he confirmed to the trial court at the time of the plea that he had been advised by his attorney of the potential sentencing range for the offense. At his *Boykin* exam, Defendant was offered an open-ended plea deal, whereby his two other charges were dismissed, and he was to receive a sentence within the sentencing range

---

[4] The trial court asked Defendant if his attorney had explained the minimum and maximum penalties of DWI, "first offense," and Defendant replied affirmatively, although the actual charge was DWI, fourth offense. Despite this misstatement of the charge, the record indicates that Defendant understood the offense that was charged, since the trial court later correctly referred to DWI, fourth offense, when asking him how he wished to plead.

6

provided by law. His guilty plea was voluntarily and knowingly given, and the trial court's failure to state his potential sentencing exposure on the record was harmless error.

Defendant's argument that his guilty plea was invalid lacks merit.

*Ineffective Assistance of Counsel*

Defendant argues that he received ineffective assistance of counsel below that guaranteed by the U.S. Constitutional Amendment VI because, during sentencing, his attorney failed to request a full sentencing hearing where she could present mitigating evidence on his behalf. He claims counsel failed to object to the trial court's failure to consider any mitigating circumstances for the record and, in the motion to reconsider the sentence, failed to preserve for appellate review the issues of the trial court's failure to consider the factors set forth in La. C. Cr. P. art. 894.1 in imposing the sentence and its excessiveness.

The state argues that the record does not support the claim that Defendant's attorney failed to render effective assistance of counsel by not requesting a full sentencing hearing, nor is there anything to indicate what mitigation could have been presented at a full sentencing hearing.

A claim of ineffective assistance of counsel is generally not urged on appeal. It is usually raised in the trial court through the means of an application for post-conviction relief. However, when the record is sufficient, an appellate court may resolve this issue on direct appeal in the interest of judicial economy. *State v. Cooley*, 51,895 (La. App. 2 Cir. 5/23/18), 247 So. 3d 1159, *writ denied*, 18-1160 (La. 3/6/19), 266 So. 3d 899.

7

The right of a defendant in a criminal proceeding to the effective assistance of counsel is mandated by U.S. Constitutional Amendment VI. Under the standard set out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted by the Louisiana Supreme Court in *State v. Washington*, 491 So. 2d 1337 (La. 1986), a conviction must be reversed if the petitioner proves (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's inadequate performance prejudiced the defendant to the extent that the trial was rendered unfair and the verdict suspect. *State v. Cooley*, *supra*.

A deficient performance is established by showing that the attorney's actions fell below the standard of reasonableness and competency required for attorneys in criminal cases and is evaluated from the attorney's perspective at the time of the occurrence. *Strickland v. Washington*, *supra*. A reviewing court must give great deference to the trial counsel's judgment, tactical decisions and trial strategy, strongly presuming he has exercised reasonable professional judgment. *State v. Nixon*, 51,319 (La. App. 2 Cir. 5/19/17), 222 So. 3d 123, *writ denied*, 17-0966 (La. 4/27/18), 239 So. 3d 836. A defendant making a claim of ineffective assistance of counsel must identify certain acts or omissions by counsel which led to the claim; general statements and conclusory charges will not suffice. *Strickland v. Washington*, *supra*; *State v. Nixon*, *supra*.

The record in this case is sufficient for this court to resolve the issue of ineffective assistance of counsel on direct appeal. Defendant fails to establish how his counsel's alleged deficient performance at his sentencing hearing, and afterward, prejudiced him or resulted in the imposition of a

8

harsher sentence. A review of the transcript shows the trial court gave great weight to his prior, very lengthy, criminal history when it sentenced him to the midrange sentence for his crime of DWI, fourth offense. The trial court recited many instances of criminal behavior by Defendant and failed to recite any mitigating factors because there do not appear to be any in the PSI. His social history states that Defendant was born in Shreveport and was 61 years old when he committed the offense for which he was being sentenced. He graduated from high school, but did not go to college or trade school. He has worked odd jobs and has not had steady employment. He was in an accident in 2007 and was ejected from an automobile. He claimed that prior to the accident, he never suffered from any emotional or mental disorders. These social factors do not explain or mitigate his long history of criminal behavior.

Defendant has failed to establish that his attorney's performance was deficient in any way or that her actions fell below the standard of reasonableness and competency required for attorneys in criminal cases. His mere allegation that she failed to interject mitigating factors at the sentencing hearing is a conclusory charge which cannot prove the claim of ineffective assistance of counsel.

This assignment of error is without merit.

*Excessive Sentence*

Defendant argues that his sentence is excessive, that there was no sentencing hearing and that the trial court set forth no mitigating factors, but, instead, relied solely on his criminal record in imposing his sentence. Defendant claims that because he is now 62 years old, the 20-year sentence

9

imposed by the trial court amounts to a life sentence for him, which he claims is disproportionate to his offense.

The state argues that the trial court ordered a PSI be completed, and a midrange sentence was imposed after it considered the provisions of La. C. Cr. P. art. 894.1. The state points out that other charges against Defendant were dismissed in exchange for his plea for DWI, fourth offense. It contends that the trial court has great discretion to sentence a defendant within the statutory limits, including the maximum sentence, even when the defendant pleads guilty.

An excessive sentence claim is reviewed by examining whether the trial court adequately considered the guidelines established in La. C. Cr. P. art. 894.1 and whether the sentence is constitutionally excessive. *State v. Wing*, 51,857 (La. App. 2 Cir. 2/28/18), 246 So. 3d 711. A review of the sentencing guidelines does not require a listing of every aggravating or mitigating circumstance. *State v. Boehm*, 51,229 (La. App. 2 Cir. 4/5/17), 217 So. 3d 596. When the defendant's motion to reconsider sentence raises only a claim that the sentence imposed was constitutionally excessive, review of the sentence on appeal is restricted to that claim. La. C. Cr. P. art. 881.1; *State v. Satterfield*, 53,809 (La. App. 2 Cir. 3/3/21) 315 So. 3d 425; *State v. Turner*, 50,221 (La. App. 2 Cir. 1/20/16), 186 So. 3d 720, *writ denied*, 16-0283 (La. 2/10/17), 215 So. 3d 700.

A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and

10

punishment are viewed in light of the harm done to society, it shocks the

sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166.

The trial court has wide discretion in the imposition of sentences

within the statutory limits and such sentences should not be set aside as

excessive in the absence of a manifest abuse of that discretion. *State v.*

*Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Allen*, 49,642 (La.

App. 2 Cir. 2/26/15), 162 So. 3d 519, *writ denied*, 15-0608 (La. 1/25/16),

184 So. 3d 1289. On review, an appellate court does not determine whether

another sentence may have been more appropriate, but whether the trial

court abused its discretion. *Williams*, *supra*.

La. R.S. 14:98.4 states in pertinent part:

A. (1) Except as modified by Subparagraphs (a) and (b) of this
Paragraph, or as provided by Subsections B and C of this
Section, on a conviction of a fourth or subsequent offense
violation of R.S. 14:98, regardless of whether the fourth offense
occurred before or after an earlier conviction, the offender shall
be fined five thousand dollars and imprisoned, with or without
hard labor, for not less than ten years nor more than thirty
years. Two years of the sentence of imprisonment shall be
imposed without benefit of parole, probation, or suspension of
sentence. Except in compliance with R.S. 14:98.5(B)(1), the
mandatory minimum sentence cannot be served on home
incarceration.

(a) Except as prohibited by Subparagraph (b) of this
Paragraph, the two-year period, which shall otherwise be
imposed without benefit of parole, probation, or
suspension of sentence, may be suspended if the offender
is accepted into a drug division probation program
pursuant to R.S. 13:5301 et seq. The provisions of
R.S. 14:98(F) relative to vehicle seizure and sale shall
also be applicable to any offender whose sentence is
served with the benefit of parole, probation, or
suspension of sentence pursuant to the provisions of this
Paragraph.

(b) If the offender has previously participated in a drug
division probation program pursuant to R.S. 13:5301 et
seq., pursuant to a sentence imposed on a third or
subsequent offense conviction under R.S. 14:98, three

11

years of the sentence imposed in this Paragraph shall be imposed without benefit of parole, probation, or suspension of sentence. Notwithstanding any other law to the contrary, the offender shall not be eligible to have the mandatory portion of his sentence suspended because of his participation in a drug division program under Item (2)(b)(ii) of this Subsection.

\*\*\*

B. (1) If the offender has previously been required to participate in substance abuse treatment or home incarceration pursuant to a sentence imposed on a conviction of a third offense violation of R.S. 14:98, then on a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be fined five thousand dollars and imprisoned at hard labor for not less than ten nor more than thirty years, at least three years of which shall be imposed without benefit of parole, probation, or suspension of sentence. Notwithstanding any provision of law to the contrary, the offender shall not be eligible to have the mandatory portion of his sentence suspended because of his participation in a drug division program under Item (A)(2)(b)(ii) of this Section, and except in compliance with R.S. 14:98.5(B)(1), the mandatory minimum sentence cannot be served on home incarceration.

\*\*\*

C. If the offender has previously received the benefit of parole, probation, or suspension of sentence on a conviction of a fourth or subsequent offense violation of R.S. 14:98, then on a subsequent conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the offense occurred before or after an earlier conviction, the offender shall be fined five thousand dollars and imprisoned at hard labor for not less than ten nor more than thirty years. No part of the sentence shall be imposed with benefit of parole, probation, or suspension of sentence, and no portion of the sentence shall be imposed concurrently with the remaining balance of any sentence to be served for a prior conviction for any offense.

At Defendant's sentencing hearing, the trial court noted that it had ordered a PSI, which had been reviewed in accordance with the guidelines under La. C. Cr. P. art. 894.1. The transcript indicates that the trial court considered Defendant's criminal history, particularly his history of driving

12

while intoxicated, to be the most important factor at his sentencing. Also, as heard in the factual basis for his guilty plea, Defendant was administered a breathalyzer test which showed his blood alcohol content to be over the legal limit for safely operating a vehicle.

The trial court noted that Defendant had at least seven previous convictions since 1996 for operating a vehicle while intoxicated. It stated that he had continuously flouted the law and driven while intoxicated, putting human life in danger. It also stated that Defendant's past behavior indicated that he will continue to drive while intoxicated and that he needed punishment and correctional treatment.

The trial court has wide discretion in the imposition of sentences within the statutory limits, including the imposition of a 20-year sentence, which is in the midrange of the statutory punishment for this crime. This sentence is not excessive in light of Defendant's continued alcohol abuse and criminal record, and we find no abuse of discretion in its imposition.

This assignment of error lacks merit.

*Errors Patent*

A review of the record reveals errors patent. First, the trial court imposed an illegally lenient sentence. La. R.S. 14:98.4 requires a mandatory fine of $5,000. The trial court did not sentence Defendant to pay that fine. However, the state has not raised this issue; therefore, this court will not correct this error patent.

Second, there was no proper restriction of benefits in Defendant's sentence, or a discretionary suspension of the restriction of benefits, if applicable. There is a mandatory restriction of at least two years without benefits found in La. R.S. 14:98.4(A)(1); any further restriction of benefits

13

beyond those two years is discretionary. However, there are exceptions found in La. R.S. 14:98.4, paragraphs (A)(1)(a), (A)(1)(b), (B), and (C), and which exception applies to Defendant, if any, depends upon whether he is or was accepted into a "drug division probation program," or if he previously received benefits when sentenced for a prior conviction under La. R.S. 14:98, *et seq.* These restrictions of benefits must first be investigated by the trial court before the sentence can be corrected to reflect the proper restriction.

We remand for the trial court to determine the proper restriction of benefits, depending upon Defendant's eligibility for a drug division probation program, his past participation in such a program, whether he received benefits for a prior conviction, or if the provision requiring at least two years without benefits is applicable.

Third, the trial court advised Defendant that he has two years from the date his "conviction becomes final" to seek post-conviction relief. La. C. Cr. P. art. 930.8 provides that a defendant has two years from the date his "judgment of conviction and sentence become final" in which to seek post-conviction relief. Defendant's case is being remanded for correction of sentencing errors. At the time the correction is being made regarding the errors patent discussed above, the trial court should correct the record and advise Defendant that he has two years from the date his conviction *and* sentence become final to seek post-conviction relief.

Fourth, the minutes of the sentencing on May 11, 2020, fail to note that the trial court gave Defendant credit for time served, and those minutes should be amended to reflect that fact.

14

## CONCLUSION

For the foregoing reasons, the conviction and sentence of Charles Wray Robertson are affirmed. This matter is remanded for imposition of the proper restriction of benefits in a manner consistent with this opinion. The trial court is also instructed to advise Defendant that he has two years from the date his conviction and sentence become final to seek post-conviction relief and to order that the minutes of May 11, 2020, be corrected to reflect that Defendant was given credit for time served.

**CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.**