Judgment rendered February 28, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,530-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

\* \* \* \* \*

STATE OF LOUISIANA                                    Appellee

versus

STEVEN DEVON HARDYWAY                          Appellant

\* \* \* \* \*

Appealed from the
Third Judicial District Court for the
Parish of Lincoln, Louisiana
Trial Court No. 67865

Honorable Monique Babin Clement, Judge

\* \* \* \* \*

LOUISIANA APPELLATE PROJECT               Counsel for Appellant
By: Peggy J. Sullivan

JOHN FITZGERALD BELTON                        Counsel for Appellee
District Attorney

LEWIS ALLEN JONES
TRACY WAYNE HOUCK
Assistant District Attorneys

\* \* \* \* \*

Before PITMAN, COX, and MARCOTTE, JJ.

**COX, J.**

This case arises out of the Third Judicial District Court, Lincoln Parish. Steven Hardyway was found guilty of armed robbery, which was affirmed in his previous appeal at *State v. Hardyway*, 52,513 (La. App. 2 Cir. 2/27/19), 266 So. 3d 503, *writ denied*, 19-00522 (La. 10/21/19), 280 So. 3d 1156. Hardyway's armed robbery sentence was vacated and remanded for resentencing. At resentencing, he received a sentence of 99 years at hard labor without the benefit of probation, parole, or suspension of sentence. He now appeals his sentence. For the following reasons, we affirm.

## FACTS

The underlying facts and procedural background are set forth in this Court's prior opinion, *State v. Hardyway, supra*. Hardyway was a former employee of Subway and coworker of the victim. Hardyway and another male (his cousin) entered Subway with masks on and held the victim at gunpoint for 30 minutes, threatened her life, beat her, shot her six to eight times, and stabbed her multiple times in her back and neck. While holding the victim at gunpoint, he ordered her to open the safe; she could not open it but was able to pull some bills from a slot in the safe. Hardyway took those bills, the coin dispenser, and the victim's wallet. Although Hardyway left her for dead, the victim lived and identified him as the intruder because she recognized his voice.

Hardyway was found guilty of attempted first degree murder and armed robbery. Hardyway appealed his convictions and sentences. Due to armed robbery being a required element of attempted first degree murder at trial, the attempted first degree murder conviction was vacated on double jeopardy grounds. Hardyway's conviction for armed robbery was affirmed. The

State had an agreement with Hardyway to not file a habitual offender bill. The State violated that agreement by filing the habitual offender bill; therefore, the sentence for armed robbery was vacated and remanded for resentencing.

Hardyway was resentenced on April 30, 2019. At the hearing, he apologized for his actions, stated he was not living an "ideal life," was addicted to drugs, and "living in dark times." Hardyway took full responsibility for his actions and listed the certificates he has received since being incarcerated. The trial court detailed the facts of the case, including the injuries to the victim. The trial court stated that the video of the robbery was hard to watch, especially given that Hardyway knew his victim and left her for dead.

The trial court then considered the guidelines of La. C. Cr. P. art. 894.1. The trial court found that there was an undue risk that Hardyway would commit another crime and he needed correctional treatment. The trial court stated a lesser sentence would deprecate the seriousness of the offense and that Hardyway's conduct manifested deliberate cruelty to the victim and was "actually evil." The trial court found that Hardyway received something of value for the crime; used his position as a coworker to commit the crime; used threats of actual violence; used a dangerous weapon (gun and knife); was a leader in the crime; foreseeably endangered human life; and inflicted permanent injury and significant economic loss to the victim, who did not induce him to commit the crime.

The trial court recognized the certificates Hardyway attained and commended him for trying to turn his life around. The trial court then stated, "The maximum penalty in anything or any crime is reserved for the most heinous of crimes. As far as armed robbery is concerned, I can't imagine

anything any more heinous." The trial court sentenced Hardyway to the maximum sentence of 99 years' imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence.

Hardyway filed an application for post-conviction relief. Because the application was filed within the delays of filing an appeal and this Court noticed he was entitled to appeal, his post-conviction relief application was ordered to be perfected for appeal.

## DISCUSSION

Hardyway asserts that his sentence is excessive. He states that he is not the worst kind of offender and this is not the most serious violation of the armed robbery statute. He highlights that he was only 23 years old at the time of the offense, and his prior criminal history consists of simple burglary and simple criminal damage to property. He states that he has already completed several rehabilitation and self-improvement programs available through the correctional center. Hardyway also notes that he expressed remorse for his actions prior to his sentencing and took responsibility for his actions. He asserts that his sentence should not be upheld.

The State argues that the trial court carefully evaluated the factors and guidelines and arrived at the appropriate sentence. The State highlights that Hardyway was found to have manifested deliberate cruelty to the victim. The State asserts that based on the facts of the case, the harm to the victim, and Hardyway being a second felony offender, the 99-year sentence should be affirmed.

Ordinarily, appellate review of an excessive sentence claim involves a two-step process, with the first step being an analysis of the trial court's compliance with the sentencing guidelines of La. C. Cr. P. art. 894.1.

3

However, when a defendant has not filed a motion to reconsider sentence in the lower court, appellate review is limited to the second step, an analysis of the sentence for constitutional excessiveness. *State v. Mims*, 619 So. 2d 1059 (La. 1993); *State v. Vallo*, 47,995 (La. App. 2 Cir. 2/13/14), 134 So. 3d 1201.

In this case, Hardyway sent his motion to reconsider sentence to only the Lincoln Parish District Attorney's office and did not file it with the court. The trial court ruled the motion was not timely filed and denied consideration. Therefore, our review is limited to whether Hardyway's sentence is constitutionally excessive.

A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Vanhorn*, 52,583 (La. App. 2 Cir. 4/10/19), 268 So. 3d 357, *writ denied*, 19-00745 (La. 11/19/19), 282 So. 3d 1065; *State v. Boehm*, 51,229 (La. App. 2 Cir. 4/5/17), 217 So. 3d 596.

A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Vanhorn, supra*; *State v. Wing*, 51,857 (La. App. 2 Cir. 2/28/18), 246 So. 3d 711.

Maximum sentences are generally reserved for the worst offenses and offenders. *State v. Reese*, 49,849 (La. App. 2 Cir. 5/20/15), 166 So. 3d 1175, *writ denied*, 15-1236 (La. 6/3/16), 192 So. 3d 760.

A trial court has wide discretion in imposing a sentence within the statutory limits, and the appellate court will not set aside a sentence as excessive in the absence of manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Vallo, supra*. A trial court is

4

given such broad sentencing discretion because it is in the best position to consider the aggravating and mitigating circumstances of a particular case. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957, *cert. denied*, 519 U.S. 1043, 117 S. Ct. 615, 136 L. Ed. 2d 539 (1996). On review, an appellate court does not determine whether another sentence may have been more appropriate; it merely assesses whether the trial court abused its discretion. *Id.*

Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than 10 years and for not more than 99 years, without benefit of parole, probation, or suspension of sentence. La. R.S. 14:64(B).

Hardyway was convicted of armed robbery and sentenced to 99 years. The trial court stated that it found Hardyway's armed robbery actions to be evil and heinous. We agree. Hardyway attacked the victim, who was a former coworker, by beating her, stabbing her, and shooting her multiple times. As noted by the trial court, Hardyway used deadly force, a dangerous weapon, and left his victim for dead. His victim has had extensive medical treatment and still lives with the physical and emotional scars of the incident. The gruesome facts and surveillance video of this crime warrant a maximum sentence of 99 years. We do not find the trial court to be manifestly erroneous in sentencing Hardyway to 99 years' imprisonment without benefits. This assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, we affirm Steven Hardyway's conviction and sentence.

**AFFIRMED.**