Judgment rendered April 22, 2026.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,799-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

JIMMY WAYNE NEWTON, JR.            Appellant

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of West Carroll, Louisiana
Trial Court No. 2023-F019

Honorable John Clay Hamilton, Judge

* * * * *

LOUISIANA APPEALS                    Counsel for Appellant
& WRIT SERVICE
By: Desiree Marie Valenti

PENNY WISE DOUCIERE                  Counsel for Appellee
District Attorney

MOLLY M. CLEMENT
AMANDA MICHELE WILKINS
Assistant District Attorneys

* * * * *

Before STONE, THOMPSON, and HUNTER, JJ.

**HUNTER, J.**

Defendant, Jimmy Wayne Newton Jr., pleaded guilty to two counts of possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1, and two counts of distributing methamphetamine under 28 grams, in violation of La. R.S. 40:967(B)(1)(a). He was sentenced to serve consecutive sentences of 10 years and 15 years at hard labor, without the benefit of probation, parole, or suspension of sentence for the firearm offenses. Defendant was ordered to pay a $1,000 fine for each conviction. Defendant was also sentenced to serve 10 years at hard labor for each drug distribution count, which were ordered to run consecutively to each other but concurrently with the firearm sentences. For the following reasons, we affirm the defendant's conviction and sentence.

## FACTS

West Carroll Parish Sheriff's Office received information that defendant, Jimmy Wayne Newton, was illegally selling narcotics out of his residence in Kilbourne, Louisiana. Between the dates of August 1 and September 31, 2022, the Sheriff's office initiated an investigation where undercover narcotics agents purchased undisclosed amounts of methamphetamine.

On December 17, 2022, law enforcement executed a narcotics and search warrant on defendant's residence and uncovered methamphetamine, a .22 caliber rifle, a .38 caliber handgun, a stolen motorcycle, and various pieces of drug paraphernalia. At the time of the arrest, defendant was a convicted felon and prohibited from possessing any firearms.

On February 22, 2023, defendant was charged by a bill of information with two counts of possession of a firearm or carrying a concealed weapon by a person convicted of certain felonies, in violation of La. R.S. 14:95.1, two counts of illegal carrying of a weapon during the use/possession/control of a controlled dangerous substance ("CDS"), in violation of La. R.S. 14:95(E), and one count of possession

of a Schedule II CDS, more than two grams but less than 28 grams (methamphetamine), in violation of La. R.S. 40:967(C)(2). On April 25, 2023, the State filed a motion to amend the bill of information to include two counts of distribution of a Schedule II CDS, less than 28 grams, (methamphetamine), in violation of La. R.S. 40:967(A)(1) and La. R.S. 40:967(B)(1).

On December 4, 2024, defendant executed a written plea agreement, in which he pleaded guilty to two counts of possession of a firearm or carrying a concealed weapon by a person convicted of certain felonies and two counts of distribution of a Schedule II CDS, more than two grams but less than 28 grams. In exchange, the state dismissed the remaining charges, and the court accepted the defendant's guilty plea. Defendant was advised of the statutory sentencing range and that sentencing was to be left to the court's discretion, subject to the completion of a presentence investigation report. A sentencing hearing was scheduled for February 11, 2025. Defendant failed to appear for sentencing and was found weeks later injured in Oklahoma; he was subsequently arrested for his outstanding warrant in Louisiana.

On May 7, 2025, defendant was sentenced as follows: Count One - 10 years for unlawful possession of a firearm by a convicted felon; Count Two - 15 years for unlawful possession of a firearm by a convicted felon; Counts Six and Seven - 10 years for unlawful distribution of less than 28 grams of methamphetamine. Counts One and Two were ordered to run consecutively, and the sentences for counts Six and Seven were ordered to run consecutively to each other, but concurrently with the sentences for counts One and Two. On June 6, 2025, the trial court denied the defendant's "motion for reconsideration of sentence" and "motion to withdraw plea" without a hearing.

Defendant appeals.

**DISCUSSION**

*Maximum and Consecutive Sentences*

Defendant contends the sentences imposed were constitutional excessive. He argues that the court improperly imposed maximum consecutive sentences because at the time of his guilty plea, he was not advised that consecutive sentencing was a possibility. The defendant also asserts that the imposition of maximum and consecutive sentences under these circumstances is excessive and constitutes cruel and unusual punishment.

Appellate courts employ a two-prong test when reviewing an excessive sentence claim: (1) the trial record must demonstrate that the trial court complied with the guidelines in La. C. Cr. P. art. 894.1 (list of sentencing factors); and (2) the appellate court must determine if the sentence is constitutionally excessive. *State v. Davis*, 56,118 (La. App. 2 Cir. 2/26/25), 408 So. 3d 1092, *writ denied*, 25-00332 (La. 4/29/25), 407 So. 3d 624; *State v. Sanders*, 54,261 (La. App. 2 Cir. 3/9/22), 335 So. 3d 530; *State v. Cooksey*, 53,660 (La. App. 2 Cir. 5/26/21), 316 So. 3d 1287, *writ denied*, 21-00901 (La. 10/12/21), 325 So. 3d 1074; *State v. Gardner*, 46,688 (La. App. 2 Cir. 11/2/11), 77 So. 3d 1052. *State v. Burns*, 56,456 (La. App. 2 Cir. 10/22/25), 422 So. 3d 893.

The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Shipp*, 30,562 (La. App. 2 Cir. 4/8/98), 712 So. 2d 237. The trial court should consider the defendant's personal history and prior criminal record, the seriousness of the offense, the likelihood that the defendant will commit another crime, and the defendant's potential for rehabilitation. *State v. Jones*, 398 So. 2d 1051 (La. 1981). *State v. Thomas*, 51,364 (La. App. 2 Cir. 5/17/17), 223 So. 3d 131, *writ denied*, 17-1049 (La. 3/9/18), 238 So. 3d 450. The trial court is not required to assign any particular weight to any specific matters

3

at sentencing. *State v. Quiambao*, 36,587 (La. App. 2 Cir. 12/11/02), 833 So. 2d 1110, *writ denied*, 03-0477 (La. 5/16/03), 843 So. 2d 1130.

The Eighth Amendment of the United States Constitution and Article I § 20 of the Louisiana Constitution prohibit the imposition of cruel or excessive punishment. Although a sentence falls within statutory limits, it may be excessive. *State v. Sepulvado*, 367 So. 2d 762 (La. 1979). A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense, or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Smith*, 01-2574 (La. 1/14/03), 839 So. 2d 4; *State v. Dorthey*, 623 So. 2d 1281 (La. 1993); *State v. Bonanno*, 384 So. 2d 357 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 959, *cert. denied*, 519 U.S. 1043, 117 S. Ct. 615, 136 L. Ed. 2d 539 (1996*). State v. Joyce*, 56,451 (La. App. 2 Cir. 10/1/25), 420 So. 3d 880.

For possession of a firearm or carrying a concealed weapon by a person convicted of certain felonies, the sentencing range is not less than five nor more than 20 years at hard labor, without benefits. La. R.S. 14:95.1 (B)(1).

For distribution of a Schedule II CDS with an aggregate weight of less than 28 grams, a person shall be imprisoned, with or without hard labor, for not less than one year nor more than ten years and may, in addition, be fined not more than $50,000. La. R.S. 40:967(B)(1)(a).

We find no abuse of discretion in the trial court's sentencing. The sentence followed the guidelines of La. C. Cr. P. art. 894 and was based on the defendant's extensive criminal history, repeated failure to complete probation or

4

parole, and the risk of committing additional crimes if given a suspended sentence or probation. Although the defendant's medical history was briefly mentioned, the trial judge was unable to consider defendant's personal background because defendant refused to cooperate with the presentence investigation. The lower court also noted defendant received a significant benefit from the plea agreement. Without the plea, he could have faced up to 40 years in prison for two counts related to operating a clandestine laboratory, along with additional charges and potential decades of additional prison time for weapons violations and possession of controlled substances under La R.S. 14:95 and La. R.S. 40:967.

After reviewing the sentencing factors under La. C. Cr. P. art. 894.1, we find that the trial judge appropriately tailored the sentence to this defendant. The record shows the sentences were not excessive, and we find no error in the trial court's application of La. C. Cr. P. art. 894.1.

Further, it is within a trial court's discretion to order sentences to run consecutively rather than concurrently. *State v. Wing,* 51,857 (La. App. 2 Cir. 2/28/18), 246 So. 3d 716. When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. *Id.* When two or more convictions arise from the same act or transaction, or constitute parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. La. C.Cr.P. art. 883. The failure to articulate specific reasons for consecutive sentences does not require remand if the record provides an adequate factual basis to support consecutive sentences. See *State v. Harris,* 42,376 (La.App. 2d Cir.9/26/07), 966 So.2d 782, *writ denied,* 2007–2109 (La.3/28/08), 978 So.2d 304.

The court found that the trial judge properly justified the sentences under La. C. Cr. Pr. art. 883. The two convictions for distribution of a Schedule II CDS occurred on different dates, so they were not part of the same act or a common

5

scheme. Although the defendant also had two convictions for possession of a firearm by a convicted felon involving two separate firearms, the trial court ordered those sentences to run concurrently as an act of leniency, even though they could have been consecutive. Because the trial judge gave specific justification based on the record, consistent with *State v. Gant*, 54, 837 (La. App. 2 Cir. 1/11/23), 354 So. 3d 824, we find no merit in the defendant's claim of error.

### *Mitigating Factors*

In a separate assignment of error, defendant argues that the trial court erred in failing to give sufficient weight to mitigating factors, specifically his stage four renal cancer diagnosis and his age (55) at the time of sentencing.

As stated above, the trial court is not required to list every aggravating or mitigating circumstance, so long as the record reflects that it adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Croskey*, 53,505 (La. App. 2 Cir. 5/20/20), 296 So. 3d 1151. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, and employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1052 (La. 1981). *State v. Holmes*, 56,398 (La. App. 2 Cir. 8/27/25), 419 So. 3d 426.

The argument is without merit because the trial court properly considered the aggravating and mitigating factors under La. C.C. art. 894.1. The court emphasized the defendant's extensive criminal history as an eight-time felon and determined that his repeated drug trafficking posed a threat to the community's health and safety. It also noted his inability to complete probation or parole successfully. Additionally, the defendant failed to provide medical documentation, meaningful information about his social history, or any mitigating circumstances before sentencing.

***Guilty Plea***

The defendant asserts that the trial court erred by denying his "open-ended" plea agreement, as, based on fundamental fairness, the court should have granted his motion to withdraw the guilty plea.

Upon motion of the defendant and after a contradictory hearing, which may be waived by the state in writing, the court may permit a plea of guilty to be withdrawn at any time before sentence. La. C. Cr. P. art. 559. The discretion to allow the withdrawal of a guilty plea under La. C. Cr. P. Art. 559 lies with the trial court, and such discretion cannot be disturbed absent an abuse or arbitrary exercise of that discretion. *State v. Cooper*, 52,408 (La. App. 2 Cir. 11/8/18), 261 So. 3d 975.

Generally, the denial of withdrawal of a guilty plea will not be reversed on appeal when the record shows the defendant was informed of his rights and the consequences of the plea and that the plea was entered voluntarily. *State v. Harris*, 43,069 (La. App. 2 Cir. 3/19/08), 980 So. 2d 178. Under La. Cr. P. art. 556.1, a valid plea must be a voluntary choice by the defendant and not the result of force or threats. La. C. Cr. P. art. 556.1 also provides that prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. When the record establishes that an accused was informed of and waived his right to a trial by jury, to confront his accusers, and against self-incrimination, the burden shifts to the accused to prove that, despite the record, his guilty plea was involuntary. *State v. Cheveallier*, 56,068 (La. App. 2 Cir. 2/26/25), 408 So. 3d 325.

We find defendant's argument lacks merit. The record establishes that defendant was competent and confirms that he understood the charges against him. The trial court explained the definitions of the offenses, possession of a firearm by

7

a convicted felon and distribution of a Schedule II CDS, and informed defendant of the minimum and maximum possible sentences. The trial court also confirmed that defendant understood he was waiving his rights and that he entered the plea freely and voluntarily. Therefore, this assignment of error has no merit as the defendant failed to show the trial court abused its discretion, as the plea was properly informed, knowing, and voluntarily entered.

### Error Patent Review

Pursuant to La. C. Cr. P. art. 920(2), in conducting a patent error review, this court shall consider "[a]n error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." *State v. Anthony*, 23-0117 (La. App. 1 Cir. 11/3/23), 378 So. 3d 775, *writ denied*, 2024-00027 (La. 5/21/24), 385 So. 3d 242.

Defendant received a fine of $1,000 for each conviction of possession of a firearm by a convicted felon. La. C. Cr. P. art. 875.1(C)(1) requires the trial court to conduct a hearing to determine whether payment of the aggregate amount of all the financial obligations to be imposed would cause substantial financial hardship to the defendant or his dependents. *State v. Shepherd*, 56,075 (La. App. 2 Cir. 2/26/25), 408 So. 3d 375, *reh'g denied* (La. App. 2 Cir. 4/2/25). As the record does not indicate the required financial hardship hearing was conducted or show defendant waived the hearing as provided for in La. C. Cr. P. art. 875.1(C)(2), we set aside the imposition of the fine and remand this matter for the trial court to comply with La. C. Cr. P. art. 875.1(C).

### CONCLUSION

For the reasons set forth herein, defendant's convictions and sentences are hereby affirmed. The imposition of the $1,000 fines is vacated, and we remand this case for a hearing pursuant to La. C. Cr. P. art. 875.1 to determine the defendant's ability to pay any assessed fine.

**CONVICTIONS AFFIRMED; SENTENCES AFFIRMED IN PART AND VACATED IN PART; CASE REMANDED.**